STATE of Minnesota, ex rel. COUNTY
OF CARLTON, et al., Petitioners,
Appellants,

v.

Stephan John GREENWOOD, a.k.a.
Stephan John Gallagher,
Respondent.

No. C8–86–1037.

Court of Appeals of Minnesota.

Jan. 6, 1987.

Corrine D. Lynch, Asst. Kandiyohi Co. Atty., Willmar, for appellants.

Boyd Beccue, Willmar, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order maintaining current child support established in the original dissolution decree and partially forgiving arrearages. Appellants claim the trial court abused its discretion because (1) in ordering half the current monthly support be used to pay past foster care, the court effectively reduced original ongoing child support without making requisite findings, (2) no change of circumstances exist to warrant forgiveness of arrearages, and (3) the court improperly considered equitable defenses in forgiving arrearages. We affirm as modified.

## FACTS

This is an action under the Uniform Reciprocal Enforcement of Support Act (URESA), Minn.Stat. chapter 518C, initiated in Carlton County, Minnesota, where appellant Karen Olson presently resides, and directed to the court in Kandiyohi County, where respondent Stephan John Greenwood, a.k.a. Gallagher, is now living.

The parties were divorced in July 1972. The dissolution judgment and decree ordered respondent to pay $100 child support per month to Todd County Social Services for the parties' two minor children, Erik

Joseph, born April 17, 1968, and Jason Donald, born January 15, 1971.

On December 2, 1985, pursuant to a Carlton County Court order, respondent was ordered to pay $50 a month to reimburse the county $753 for his eldest son Erik's foster care. Erik is now 18 but has not yet graduated from high school.

On December 16, 1985, appellant petitioned the Carlton County Court to order respondent to pay $100 per month ongoing child support and $15,925 in arrearages. Two days later, the Carlton County Court issued an order finding a child support duty owed and directing Kandiyohi County to initiate action. On January 29, 1985, the Kandiyohi County Attorney moved the responding court to order payment of current child support and arrearages.

The matter was tried on May 7, 1986. As is often customary in URESA actions, appellant was not present but was represented by the Kandiyohi County Attorney. Respondent was present and testified regarding his work experience since the July 1972 divorce. While technically unemployed at the time of the divorce, respondent worked on a sporadic basis and did have some income.

In December 1972, respondent was convicted of manslaughter and imprisoned until March 1976. During his imprisonment, respondent underwent back surgery relating to a Vietnam injury and was treated for drug addiction. After his release, he lived at the Eden House, a therapeutic community for drug abusers and ex-offenders in Minneapolis, until March 1978.

Respondent testified he did not file income tax returns in 1978–82 because his income was not high enough. His employment during the period was sporadic and interrupted by additional back surgery in 1979 and treatment for delayed stress syndrome in 1981–82.

In July 1982, respondent became employed at Jennie-O Foods where he continues to work. In 1984, he was incarcerated six months for DWI. He also missed periods of work for a work-related knee injury

and a broken arm. The work is seasonal but has been steady since July 1985.

Respondent acknowledged he had not paid any child support since the divorce. He testified he never received a copy of the original dissolution order directing child support payments to Todd County. After his release from prison, he attempted to find his children but appellant had changed their name and moved. He first heard of their whereabouts in 1980, when his present wife talked by phone to appellant who refused visitation. Later Erik contacted him from the Duluth Miller Dawn Hospital. After Erik's hospitalization and foster care, Erik lived with respondent for three months before returning home to live with appellant.

The Kandiyohi County Attorney requested the court order respondent to continue the $100 per month child support payment in addition to the $50 payment for Erik's past foster care. The court then ordered the $100 payment to continue but reasoned $50 of the amount should apply to Erik's past foster care and the remaining $50 apply to Jason until emancipated.

The Kandiyohi County Attorney also requested an arrearage judgment of at least $1200. Accordingly, the court ordered respondent to pay $1200 in arrearages with payments of $50 per month beginning after Erik's emancipation. The court also specified respondent be given credit for foster care payments previously paid.

The court ordered the $1200 arrearage amount accrued since 1985, "at a time when the respondent did have approximately $15,000, including unemployment compensation." Respondent's 1985 tax returns were not available at the hearing but show gross income of $12,877 plus unemployment of $3400, totalling $16,277.

The court further forgave all arrearages prior to 1985, stating at the close of the hearing:

The Court finds that the respondent's failure to pay the past child support from the date of the divorce until the year 1985 was not willful and that any arrearages which have occurred up to January of 1985 are forgiven. I think the fact that the respondent was either hospitalized or incarcerated and/or unemployed is a substantial justification for the finding that his failure to pay was not willful. Further, the difficulty that he was having with visitation with his ex-wife for his children is also a basis for that finding.

Although the court stated forgiveness since January 1985, the $1200 more accurately measures from July 1985 when respondent's work became steady.

The court made no written findings but incorporated its oral findings in the order which also specified respondent owes a duty to support his children. The State of Minnesota on behalf of Karen Olson appeals the order filed May 14, 1986.

### ISSUES

1. Did the trial court abuse its discretion in effectively reducing current child support by directing half the monthly amount to be paid for past foster care?

2. Did the trial court abuse its discretion in partially forgiving arrearages?

### ANALYSIS

■ 1. Appellant initiated this intrastate URESA action seeking ongoing and accrued child support pursuant to Minn. Stat. § 518C.33 (1984). Once the responding court determines the obligor owes a duty of support, it may independently determine an appropriate level of support to impose on the obligor. *State ex rel. v. McCutcheon,* 337 N.W.2d 645, 649 (Minn. 1983).

> The matter of child support is well within the discretion of the trial court and, in the absence of a clear showing of an abuse of discretion, this court will not reverse the trial court's decision.

*Arora v. Arora,* 351 N.W.2d 668, 671 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Oct. 11, 1984).

Appellant claims the trial court reduced the $100 obligation established in the prior

order because the court directed $50 of the amount be paid to Carlton County for Erik's past foster care.

■ We agree. Erik is now living with appellant and is entitled to ongoing child support until emancipation. The $50 payment to Carlton County is for past foster care pursuant to a separate and distinct judgment. The trial court effectively reduced ongoing child support without making supportive findings. *See Blomgren v. Blomgren,* 367 N.W.2d 918, 920–21 (Minn. Ct.App.1985) (modification requires finding of substantial change rendering original amount unreasonable and unfair). Accordingly, we modify to require respondent to pay $100 per month ongoing child support in addition to the $50 per month for past foster care.

2. When requesting forgiveness of arrearages, the moving party

must show 1) a substantial change in circumstances, and 2) that none of his past failures to pay were willful. The trial court has broad discretion, however, to grant or deny the motion * * *. The trial court's power to forgive arrearages should be exercised cautiously upon satisfactory evidence.

*Bledsoe v. Bledsoe,* 344 N.W.2d 892, 895 (Minn.Ct.App.1984) (citations omitted); *see Miller v. Miller,* 370 N.W.2d 481, 484 (Minn.Ct.App.1985).

Appellant claims no change in circumstances has occurred since the time of dissolution. She argues respondent was unemployed at the time and except for the period of his incarceration he has had the ability to meet his support obligation.

■ Respondent testified though technically unemployed at the time of the divorce, he was working part time and therefore had the ability to earn some income. *See Bledsoe,* 344 N.W.2d at 894 (court may determine child support based on earning ability though unemployed at the time). Because of subsequent incarceration, mental illness, injury and chemical abuse, however, respondent lost his earning ability for a number of years, constituting a substantial change in circumstances.

The trial court did justify forgiveness of arrearages because respondent was either "hospitalized, incarcerated and/or unemployed." These reasons justify the court's finding respondent's failure to pay was not willful and also indicate a substantial change of circumstances rendering him unable to pay. Moreover, at the close of the hearing, the Kandiyohi County Attorney conceded respondent's inability to pay and requested a judgment of at least $1200, which the court so ordered.

Appellant also claims the court improperly relied on visitation difficulty in determining respondent's failure to pay was not willful. *State ex rel. McDonnell v. McCutcheon,* 337 N.W.2d 645, 650 (Minn.1983); *see Faribault-Martin-Watonwan Human Services ex rel. Jacobson v. Jacobson,* 363 N.W.2d 342, 346 (Minn.Ct.App.1985) (equitable defenses not available in action for child support arrearages).

The court stated difficulty of visitation, however, was an *additional* basis for finding failure to pay unwillful. The court primarily justified forgiveness because of respondent's hospitalization, incarceration and unemployment. The court's partial forgiveness of arrearages is supported by satisfactory evidence and is not an abuse of discretion.

## DECISION

The trial court properly partially forgave arrearages but improperly reduced ongoing child support. We modify to require respondent to pay monthly $100 ongoing child support in addition to the $50 for past foster care.

Affirmed as modified.