COUNTY OF HENNEPIN on Behalf of Lynette JOHNSON, Petitioner, Appellant,

v.

Edward T. BOYLE, Respondent.

No. C8–89–1635.

Court of Appeals of Minnesota.

Jan. 16, 1990.

Review Denied March 16, 1990.

Thomas L. Johnson, County Atty., Therese Galatowitsch, Asst. County Atty., Minneapolis, for appellant.

Linda P. Aaker, Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and GARDEBRING and FLEMING,* JJ.

## OPINION

CRIPPEN, Judge.

Appellant challenges the trial court's order to suspend child support payments after the custodial parent, who was receiving public assistance, removed the child from the jurisdiction. We reverse and remand for proceedings in accordance with our decision.

## FACTS

In May 1988, the trial court ordered respondent to pay child support in proceedings under Minn.Stat. § 256.87, subd. 1a (1988) (authority to order continuing reimbursement for child welfare assistance). For more than two years prior to the order, respondent made various futile efforts to induce visitation. The custodial parent and the child left the state in October 1988.[1]

In August 1989, the trial court "reserved" (suspended) respondent's child support obligation, finding that the custodial parent had systematically denied visitation rights. The trial court made no findings regarding the parents' financial circumstances. The trial court found that the county collection agency had failed to respond to court requests to assist enforcement of visitation rights.

## ISSUES

Was it error to suspend the support obligation based on the denial of visitation?

## ANALYSIS

■ In proceedings for continuing reimbursement of child support a trial court must follow the provisions of chapter 518. *County of Nicollet v. Larson,* 421 N.W.2d 717, 721 (Minn.1988). Under chapter 518 a court determines support according to the guidelines of section 518.551, subd. 5(a), and the factors enumerated under section 518.551, subd. 5(b). These factors are largely confined to financial matters. Visitation issues are not enumerated. Where the legislature has enumerated specific factors, we are to infer an express intent to exclude other factors. *Holmes v. Holmes,* 255 Minn. 270, 278 n. 2, 96 N.W.2d 547, 553–4 n. 2 (1959). Therefore, in determining the amount of continuing reimbursement, visitation issues are not recognized.

The fact that the agency did not cooperate is not relevant. Also, we observe that here the visitation difficulty has continued for more than four years and that in 1988 respondent unconditionally agreed to make support payments.

The parties have addressed the importance of Minn.Stat. § 518.612 (1988), which precludes interference with visitation rights as a defense to nonpayment of support. Respondent contends the statute relates only to court enforcement of support orders and does not apply to persons current in their support obligations. We need not decide this issue because section 518.-551 governs the matter. We agree with appellant that public policy concerns adopted in section 518.612 indicate legislative intent to separate visitation and support issues. The provisions of section 518.-551 support this view.[2]

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

1. Evidently no Minnesota agency provided public assistance to the custodial parent after October 1988. Under section 256.87, subd. 1a, a continuing support order is valid through the fifth month after the custodial parent receives public assistance from a "county or state agency." *See* Minn.Stat. § 256.73, subd. 1(1) (1988) (assistance under sections 256.72–.87 for children residing in Minnesota). The parties have not raised, and thus we have not decided, whether the force and effect of the 1988 order expired here five months after the noncustodial parent last received Minnesota assistance payments.

2. Appellant also contends that *State ex rel. Southwell v. Chamberland,* 361 N.W.2d 814 (Minn.1985) applies. *Southwell* was a Uniform Reciprocal Enforcement of Support Act (URESA) case in which the court discussed section 518.612 and the public policy concern with separating the issues. The court, however, did not address the law under section 518.551.

Countering this policy argument, respondent argues that courts should examine this type of situation on a case by case basis. Respondent finds authority for this proposition in *Michalson v. Michalson*, 263 Minn. 356, 116 N.W.2d 545 (1962). The supreme court decided *Michalson* and its progeny before the legislature enacted section 518.612 and section 518.551. *See* 1971 Minn.Laws ch. 961, § 21 (original passage of section 518.551); 1986 Minn.Laws ch. 406, §§ 4 and 9 (amending section 518.551 and repealing of other child support provisions in dissolution code, leaving section 518.551 as the only statute on the subject). In light of this legislative action, *Michalson* is not a current statement of the law.

Finally, respondent argues that current law does not effectively alter the noncustodial parent's severe interference with his visitation rights. We are not at liberty to judge the merits of this argument; his plea is a matter of legislative prerogative. Statutory law compels us to follow the dictate that child support enforcement and child visitation are not interrelated issues. We also note that, in the converse, section 518.612 protects the visitation rights of noncustodial parents who have failed, for marginal or for good cause, to make support payments.

We remand for a determination, in accordance with section 518.551, whether respondent is entitled to relief on evidence that his expenses exceed his ability to pay.

Reversed and remanded.