STATE of Wisconsin, ex rel. Cindy
DOUCETTE, Petitioner,
Appellant,

v.

Jerome M. KRASKEY, Respondent.

No. C0-92-1574.

Court of Appeals of Minnesota.

March 2, 1993.

Michael O. Freeman, Hennepin County
Atty., Jay L. Arneson, Asst. County Atty.,
Minneapolis, for petitioner appellant.

Mark D. Luther, Minneapolis, for respondent.

Considered and decided by ANDERSON,
C.J., and LANSING and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Respondent Jerome Kraskey was ordered to pay child support after being adjudicated the father of a child born to appellant Cindy Doucette. When Doucette left Minnesota and established residence for herself and the child in Wisconsin, Kraskey

moved to have his child support obligation suspended. Anoka County District Court granted this motion, citing Doucette's interference with visitation. When Doucette applied for Aid to Families with Dependent Children ("AFDC") benefits in Wisconsin, that state petitioned for reimbursement from Kraskey pursuant to Minn.Stat. ch. 518C (1990) (Revised Uniform Reciprocal Enforcement of Support Act, or "RURESA"). Hennepin County District Court relied upon the prior Anoka County order suspending child support and denied Wisconsin's petition. We reverse and remand.

## FACTS

On February 8, 1988, Kraskey was adjudicated the father of a child born to Doucette and was ordered by Anoka County District Court to pay child support. Visitation rights were not specified in the court's order, but were referred to in an appendix citing, inter alia, Minn.Stat. § 609.26 (1990) (depriving another of custodial or parental rights may be a felony offense).

On June 14, 1988, Doucette was found in contempt of court for failing to allow Kraskey's visitation. Doucette was given a 60–day suspended sentence that could be purged by cooperating with visitation. Doucette did not cooperate, but rather moved to Wisconsin, taking the child with her.

Kraskey moved the Anoka County District Court to have his child support obligation suspended because of Doucette's interference with visitation. The district court found Doucette had left Minnesota without a court order and granted Kraskey's motion. The court's order suspending Kraskey's support obligation was entered on February 27, 1989, and made retroactive to January 1, 1989. This order was neither amended nor appealed.[1]

On April 27, 1989, Doucette applied for AFDC benefits in Wood County, Wisconsin. She assigned her right to current and past due child support, up to the amount of benefits received, to the state of Wisconsin. Pursuant to this assignment, Wisconsin completed a RURESA petition seeking reimbursement for AFDC funds disbursed to Doucette on behalf of the child. Following a hearing on the matter, a Hennepin County District Court referee recommended denial of Wisconsin's petition based on the previous Anoka County order suspending Kraskey's child support obligation. The referee stated:

> Where there is a court of competent jurisdiction which has ruled on the matter, that order should be respected, and these proceedings may not be used to overcome the effect of that order. The mother must first have the order of suspension removed as a condition of proceeding.

Wisconsin appealed the referee's decision to Hennepin County District Court, which affirmed.

## ISSUE

Did the trial court err by holding the previous Anoka County District Court order required denial of Wisconsin's RURESA petition?

## ANALYSIS

The issue in this case involves statutory construction which is a question of law and, therefore, is subject to de novo review on appeal. *Anderson v. Anderson,* 470 N.W.2d 719, 721 (Minn.App.1991).

Appellant argues that the trial court erred by finding that the order suspending child support had to be "removed as a condition of proceeding" on the RURESA petition. Appellant maintains that the Anoka County order was improperly granted and that even if the order was valid, the trial court was not precluded from ordering reimbursement. We find appellant's arguments persuasive.

This court has held that "[i]n proceedings for continuing reimbursement of child support, a trial court must follow the provi-

---

1. The record does not reveal when, if ever, Kraskey served Doucette with written notice of filing of the order. Therefore, the continued appealability of the order is uncertain. *See* Minn.R.Civ.App.P. 104.01 (appeal may be taken from an order within thirty days after service by the adverse party of written notice of filing).

sions of chapter 518." *County of Hennepin ex rel. Johnson v. Boyle,* 450 N.W.2d 187, 188 (Minn.App.1990), *pet. for rev. denied* (Minn. Mar. 16, 1990). Various factors identified in chapter 518 must be considered in determining support, but visitation is not among those factors. *Id.;* Minn. Stat. § 518.551, subd. 5(a) (1990).

■ The supreme court has "made it very clear that wrongful deprivation of visitation rights will not affect the obligation of child support." *Wisconsin ex rel. Southwell v. Chamberland,* 361 N.W.2d 814, 817 (Minn.1985); *see also Boyle,* 450 N.W.2d at 187 ("in determining amount of continuing reimbursement, visitation issues are not recognized"). An obligor parent who has been denied visitation by the obligee parent is not relieved of the obligation to pay child support, but may seek other relief. Minn.Stat. § 518.612 (1990); Minn. Ch. 518A (1990).[2] Such relief could include an amended order for compensatory visitation. *See* Minn.Stat § 518.175, subd. 6 (1990).

■ Furthermore, a RURESA action is an independent proceeding and is not affected by the existence or absence of other proceedings, such as a marriage dissolution, paternity adjudication, or a child support action. *England v. England,* 337 N.W.2d 681, 683 (Minn.1983). While we decline to rule on the validity of the Anoka County order, we note that the order did not limit the authority of the state of Wisconsin to initiate a support proceeding on behalf of Doucette.

■ RURESA was enacted to "improve and extend by reciprocal legislation the enforcement of the duties of support." Minn. Stat. § 518C.01 (1990). RURESA proceedings involve two jurisdictions; an initiating state or court in which the action is commenced and a responding state or court in which a responsive proceeding is commenced. Minn.Stat. § 518C.02, subds. (5), (13) (1990). RURESA applies to a duty of support whether imposed or imposable by law, or by order, decree, or judgment of a court. Minn.Stat. § 518C.02, subd. 3 (1990).

■ Respondent argues that the concept of "enforcement" enunciated in Minn.Stat. § 518C.01 limits the application of RURESA to cases where a child support duty has already been imposed. He cites Minn.Stat. § 518C.28 (1990), maintaining that if child support has not already been imposed or, as in this case, has been suspended or eliminated, RURESA cannot be invoked to impose a support obligation. We find no merit in respondent's argument. Minn. Stat. § 518C.28 provides that the applicable duties of support are those "imposed under the laws of the state where the obligor was present for the period during which support is sought." Although the word "imposable" is absent from this section of the Act, the word "imposable" is also unnecessary in this section. Minn.Stat. § 518C.28 is captioned "Choice of Law" and merely indicates the choice of law as between two jurisdictions. Section 518C.28 should not be interpreted to apply to the broader question of *when* RURESA may be invoked.

The phrase "imposable by law" appears in the definition of the term "duty of support" in Minn.Stat. § 518C.02, subd. 3. If possible, every law should be construed to give effect to all its provisions. Minn.Stat. § 645.16 (1990); *Judd v. State by Humphrey,* 488 N.W.2d 843, 845 (Minn.App. 1992). To hold that RURESA applies only to cases in which child support has been ordered would render the phrase "imposable by law" mere surplusage.

Respondent's attempt to limit RURESA to situations in which child support has already been imposed is also contrary to relevant case law. As noted earlier, RURESA may be used to impose a duty of support upon a noncustodial parent when no child support action or marriage dissolution proceeding had been initiated by either party. *England,* 337 N.W.2d at 683; *see also Hodge v. Maith,* 435 So.2d 387, 389 (Fla.Dist.Ct.App.1983) (it is not necessary

---

**2.** Prior to the 1978 enactment of Minn.Stat. § 518.612, a non-custodial parent could be relieved of child support obligations when the custodial parent removed the child from the jurisdiction. *Wisconsin ex rel. Southwell v. Chamberland,* 361 N.W.2d 814, 816 (Minn.1985).

that action under RURESA be based on pre-existing judicial determination of support duty). Similarly, deletion of a child support obligation from a dissolution decree has been held to terminate the parent's "imposed obligation" but not the "imposable obligation." *Douglas County Child Support Enforcement Unit v. Cavegn,* 420 N.W.2d 244, 246 (Minn.App.1988). RURESA "applies to enforce a parent's duty to support his or her minor children even where, as here, no order or decree imposes that duty." *Id.*

Because respondent has a duty of support "imposable by law," we remand the case to Hennepin County District Court for review of the merits of the RURESA petition. If the petition is granted, the district court should then determine the amount of reimbursement in accordance with Minn. Stat. § 518.551, subd. 5; *see* Minn.Stat. § 518C.17, subd. 1; *State ex rel. County of Carlton v. Greenwood,* 398 N.W.2d 636, 638 (Minn.App.1987) (once court determines obligor owes duty of support, it may independently determine appropriate level of support to impose on obligor).[3]

This court is not insensitive to the competing equities in this case and to the seeming harshness of the result we reach. Generally, concerns of both judicial economy and budgetary management are served when a parent is able to rely on a court order to validly set out child support obligations. However, other concerns are equally compelling. One such concern is that the primary obligation for support of children rests upon parents. The state or county should utilize taxpayer funds to contribute to support of children only when parents are themselves unable to provide that support. *Anderson,* 470 N.W.2d at 721. An additional concern is that courts must always seek to serve the best interests of children. *See* Minn.Stat. § 518.17, subd. 1(A) (1990) (identifying factors courts are to consider in determining best interests of child). Courts in all jurisdictions and at all times have observed that children are not to be used as pawns in struggles

between parents. *Chamberland,* 361 N.W.2d at 816. Actions by a custodial parent to interfere with the visitation rights of the noncustodial parent are rarely in the best interests of the child. Our decision should not be interpreted to reward the mother for conduct recognized by the trial court as improper.

Finally, separating child support issues from visitation issues helps ensure that the best interests of children are consistently protected and enhanced. While our decision here protects a child's right to receive support despite problems between the parents regarding visitation, in appropriate converse circumstances courts would protect the right of a child to visit with a parent even when that parent was financially unable to contribute any support monies.

## DECISION

A petition for reimbursement under RURESA is an independent cause of action which is not affected by prior orders suspending child support. Because there is a duty of support imposable by law, the trial court erred by denying the RURESA petition. The case is remanded for consideration of the merits of the petition for reimbursement and if found meritorious, reimbursement shall be calculated in accordance with Minn.Stat. § 518.551, subd. 5, giving due recognition to the increased costs of effectuating visitation.

Reversed and remanded.

---

**3.** If reimbursement is granted, the trial court may consider respondent's increased visitation expenses in determining an appropriate level of reimbursement. *See* Minn.Stat. § 518A.15 (1992); Wis.Stat. § 822.15 (1992).