**In re the Marriage of Joann Marie PAULSON, petitioner, Respondent,**

v.

**Gerald Ward PAULSON, Appellant.**

**No. C4–85–1591.**

Court of Appeals of Minnesota.

Feb. 4, 1986.

James A. Beuning, Mahnomen, for respondent.

Edward H. Rasmussen, Bagley, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and RANDALL and CRIPPEN, JJ.

**OPINION**

CRIPPEN, Judge.

The Paulson marriage was dissolved in 1979. The dissolution decree contained no provision for child support. Respondent Joann Paulson later petitioned the court to order appellant Gerald Paulson to pay her child support. The trial court ordered appellant to pay $300 per month in child support and made the order retroactive to June 1, 1983. Gerald Paulson appeals. We reverse and remand.

## FACTS

Pursuant to a stipulation, which was incorporated by reference into the dissolution decree, custody of two minor children was awarded to appellant Gerald Paulson. Neither the decree nor the stipulation made any mention of child support.

The original decree was amended by order of the court in 1980. The order provided that respondent Joann Paulson should have custody of the children during the summer months, beginning in June 1981. The order also stated that appellant had no obligation to pay child support while the children were in their mother's custody. That order was never reduced to judgment.

In 1983, with the consent of appellant, the children began living with their mother. Approximately one year later, Joann Paulson brought a motion to amend the judgment, asking that she be granted custody of the children. The parties stipulated to the change of custody, and the court thereupon ordered a study relating to the amount of child support to be paid. A hearing was held on October 2, 1984 concerning the child support issue. Respondent testified that her expenses were $1456 per month and submitted a list of those expenses to the court. Appellant testified that since the children had moved in with their mother, he had only paid respondent $40 for school clothes and $26 for dental expenses.

Respondent's attorney requested the court to order child support pursuant to the guidelines, retroactive to June 1983. The county welfare department had completed a financial study on appellant that included information about his income. The officer who completed the report testified at trial as follows:

Mr. Paulson had contacted me on June 11th. He brought in all of his income tax, 1980 through 1983 plus his mortgages. I had written a letter to you advising the situation which was presented to me that Mr. Paulson advised me that he does have 160 acres which he has mortgaged to the Fosston Bank; he has approximately $43,000 mortgaged against the land and equipment. He also has a 1% loan to FHA of $5000. Also another 2% loan through Mohove (sp) for $7500 for house repairs. We did go through his farm equipment and he advised me that the newest pickup he has is a '75 Ford. He has a '74 Ford car Galaxy; his newest tractor is fifteen years old according to his depreciation schedule on his income tax. Mr. Paulson advised me that he would be able to pay $50 per month for child support at this time. * * *

Respondent's attorney cross-examined the officer as follows:

Q. Mr. Dorman, do your notes reflect what Mr. Paulson's,—well, he showed a loss—isn't it true that the loss was created because of his depreciation among other things?

A. Yes, it was.

Q. And basically if you did away with the credit for depreciation, would Mr. Paulson in fact show a profit?

A. If you'd take it away from the depreciation schedule?

Q. Yes.

A. Yes, he would.

Q. And as a matter of fact would he not have shown a profit which under the guidelines would put him in approximately paying 30% of his net income?

A. Approximately, yes.

Q. And so would it would it be fair to say that under the guidelines I believe that his child support obligation would be about $300 a month?

A. Approximately.

Q. And it's fair to say, is it not, Mr. Dorman, from your experience in this area, almost any farmer regardless of what his income is if you deduct from that his depreciation, it's going to show a net loss?

A. Yes.

Q. And really, that is not really what his cash flow might be, is that true?

A. Possibly at this time, yes.

No other evidence of appellant's income was offered by either party. None of his financial records or tax forms were submitted to the court or entered into evidence. Respondent's attorney argued, however, that appellant should be required to pay respondent $300 per month in child support, based upon the child support officer's testimony.

Following the hearing, the court ordered that appellant pay child support in the amount of $150 per month per child ($300 per month total) retroactive to June 1, 1983. The order did not contain any findings regarding appellant's net income.

Gerald Paulson has appealed the judgment that the court entered pursuant to that order.

### ISSUES

1. Did the trial court improperly order that the child support award should be retroactive?

2. Does the record contain sufficient evidence of appellant's income to support the court's award of child support?

### ANALYSIS

1. The trial court has the discretion to make a support modification retroactive only when the obligor has not substantially complied with the previous order. Minn.Stat. 518.64, subd. 2 (1984). There is no previous support order in this case. We agree with appellant that the trial court improperly made the support order retroactive.

2. When making an award of child support, the trial court must determine the net income of the noncustodial parent. Minn.Stat. § 518.551, subd. 5 (1984). Alternatively, the court must consider the factors enumerated in Minn.Stat. § 518.17, subd. 4 (1984). The order here is deficient because the trial court made no pertinent findings. The case must be remanded to the trial court for further findings. *See Claybaugh v. Claybaugh*, 312 N.W.2d 447, 449 (Minn.1981).

### DECISION

The trial court improperly made retroactive the child support award to respondent. Upon that issue, the trial court is reversed. The case is remanded to the trial court for further findings of fact needed to determine the appropriate amount of appellant's child support obligation for months beginning with October 1984, and for conclusions of law based on those findings.

Reversed and remanded.