In re the Marriage of David Curtis **BENNYHOFF,** Petitioner, Respondent,

v.

Patricia Evelyn **BENNYHOFF,** Appellant.

No. CX–86–2075.

Court of Appeals of Minnesota.

May 26, 1987.

Edward M. Cohen, Stern, Levine, Lifson & Strauss, St. Louis Park, for respondent.

Robert J. Hajek, Katz, Davis & Manka, Minneapolis, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and FOLEY, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from an order of the district court establishing child support payments as an initial matter under Minn. Stat. § 518.17, subd. 4. Appellant Patricia Bennyhoff contends that when a dissolution decree makes each parent responsible for the children during their respective physical custody, subsequent child support payments can be ordered only when a substantial change in circumstances has occurred. We affirm.

## FACTS

David Bennyhoff and Patricia Bennyhoff's marriage was dissolved by decree in February 1985. David was awarded primary physical custody of the parties' two minor children during the school year; Patricia was awarded primary physical custody during the summer vacation months. The decree further provided:

> Child support is reserved at this time as both parties agree to bear the sole responsibility for the children at such time as they have physical and residential custody of the minor children.

Within one year of the dissolution David filed a motion requesting temporary and permanent child support. The family court referee made two findings.

> 1. That child support was reserved within the Judgment and decree dated April 19, 1985 and that child support should be determined under the provisions of Minnesota Statutes § 518.17 and not under the provisions of § 518.64.

> 2. That an evidentiary hearing will be required on the amount of child support, if any.

Patricia filed a notice of review contending the decree could not be modified because David failed to show a substantial change of circumstances. The referee's order was confirmed by the district court judge. At the evidentiary hearing, the referee found that child support should be determined as an initial setting of child support under Minn.Stat. § 518.17, subd. 4 and ordered Patricia to pay David $200 per month as child support for the parties' two children. The referee's findings of fact and order were approved by the family court judge. Patricia appeals.

## ISSUE

Did the trial court err by concluding that child support may be determined as an initial setting under Minn.Stat. § 518.17 when child support was "reserved" at the time of the dissolution and each parent was responsible for the children when they had physical and residential custody? [1]

## ANALYSIS

■ We will not disturb a trial court's determination of child support if it has a reasonable and acceptable basis in fact. See Kirby v. Kirby, 348 N.W.2d 392, 394 (Minn.Ct.App.1984). The trial court's application of Minn.Stat. § 518.17 to the facts of this case is a conclusion of law which is not necessarily binding on this court. See A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc., 260 N.W.2d 579, 582 (Minn.1977).

[1]. The appellant only seeks "review of the trial court's application of an improper standard in setting child support" and does not contest the actual child support amount.

## Child Support Payment

Initial settings of child support are governed by Minn.Stat. § 518.17, subds. 4 and 5 (1984).[2] "Either or both parents owing a duty of support" may be ordered "to pay an amount reasonable or necessary" for the children's support. Minn.Stat. § 518.-17, subd. 4 (1984). The courts must consider all relevant factors including the parties' financial circumstances and needs, and the financial, educational and emotional needs of the children. *See id.*

A different standard for determining support obligations applies to subsequent payment modifications.

> The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair.

Minn.Stat. § 518.64, subd. 2 (Supp.1985).

■ The trial court correctly held that the parties' child support obligations should be determined under Minn.Stat. § 518.17 without a showing of changed circumstances. The initial decree making David and Patricia responsible for the children during their respective custody terms does not constitute a determination of child support obligations. The decree language expressly reserving child support obligations indicates the parties' obvious intention to examine that issue at a later time, otherwise, the reservation is meaningless because parents and former spouses already have a statutory right to petition the courts for a modification of child support and maintenance obligations. *See* Minn. Stat. § 518.-64 (modification of orders or decrees).

This court has determined on previous occasions that child support obligations

may be established subsequent to dissolution and treated as an initial matter when support was reserved in the decree either by express reservation or by necessary implication. *See Warner v. Warner,* 391 N.W.2d 870, 874 (Minn.Ct.App.1986) (a change in circumstances need not be shown "[b]ecause the language of the decree amounts to a reservation of appellant's support obligation"); *Mulroy v. Mulroy,* 354 N.W.2d 66, 69 (Minn.Ct.App.1984) (child support could be established without showing a substantial change in circumstances because the father's child support obligation was reserved in the decree). In *Englund v. Englund,* 352 N.W.2d 800, 803 (Minn.Ct.App.1984), child support was not expressly reserved and this court concluded that the "plain meaning" of the decree language clearly indicated that child support obligations had been set by the trial court at the time of the initial decree. In *O'Connor v. O'Connor,* 386 N.W.2d 395, 398 (Minn.Ct.App.1986), we merely held that, under the circumstances, the trial court did not abuse its discretion by declining to modify a support provision, even though support was reserved.

Allowing the trial court to determine support obligations as an initial matter in this case and under these circumstances is in the best interests of the Bennyhoff children. There are no express findings in the decree about the children's financial needs or resources. Determining child support obligations as an initial matter allowed the court to better determine what those needs are, determine who can bear those costs, and apportion the financial obligations accordingly. *See Moylan v. Moylan,* 384 N.W.2d 859, 865 (Minn.1986) ("the welfare of the child takes precedence even if the case involves a stipulation").

### DECISION

The trial court did not err by determining child support as an initial matter under Minn.Stat. § 518.17 (1984). The parties'

---

2. Minn.Stat. § 518.17, subds. 4 and 5 were repealed by 1986 Minn. Laws ch. 406, § 9 but were largely incorporated into Minn.Stat. § 518.551, subd. 5(b) (1986). Since the motion

was filed and the issue originally was litigated before repeal, Minn.Stat. § 518.17, subd. 4 (1984) still applies to this case.

dissolution decree expressly reserving the issue of child support obligations preserved the trial court's authority to set child support at a later time.

Affirmed.