**STATE of Minnesota, ex rel. Jacqueline A. MILLER, Appellant,**

v.

**Lyle L. MILLER, Respondent.**

No. C1-89-388.

Court of Appeals of Minnesota.

Oct. 3, 1989.

Timothy L. Tingelstad, Beltrami County Atty., Bemidji, for appellant.

John P. Smith, Smith & Hunter, P.A., Park Rapids, for respondent.

Heard, considered and decided by HUSPENI, P.J., and NORTON and LOMMEN,* JJ.

## OPINION

HUSPENI, Judge.

Beltrami County appeals from a judgment in an action it commenced pursuant to Minn.Stat. § 256.87 for ongoing reimbursement of public assistance. Without considering the child support guidelines of Minn. Stat. § 518.551, the trial court determined that respondent's child support obligation should remain at the amount set in the parties' 1978 dissolution decree. We reverse and remand.

## FACTS

The marriage of Jacqueline Miller and respondent Lyle Miller was dissolved in 1978. At the time of dissolution, two of the parties' five children were minors. Jacqueline was granted custody, and respondent's child support obligation under the decree was set at $160 per month ($80 per month per child). Respondent was given the right to claim the minor children as exemptions on his state and federal income

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

tax returns for as long as he remained current on his support obligation.

In December 1987, Jacqueline Miller began receiving Aid to Families with Dependent Children (AFDC) benefits from appellant Beltrami County for herself and her two minor children. Because she worked periodically, the AFDC benefits fluctuated, depending upon her income, but were in excess of respondent's support obligation.

As a condition of receiving public assistance, Jacqueline assigned to appellant her right to collect child support under the decree. Appellant then began enforcing respondent's $160 per month support obligation. Respondent voluntarily reimbursed appellant for the difference between his $160 per month support obligation and the AFDC benefits expended for his family.

Appellant, on behalf of Jacqueline Miller, commenced an action against respondent under Minn.Stat. § 256.87 for contribution in a sum certain amount for the support of the two children. At the hearing it was established that respondent's net monthly income, when claiming his two children as dependents, was $2,093 per month and he was presently paying support in an amount well below the statutory guidelines.

Appellant argued that under Minn.Stat. § 256.87, respondent's support obligation should be set pursuant to the child support guidelines. Respondent contended he should not be required to pay any more than the actual amount of AFDC benefits issued to his family each month. The trial court concluded respondent is obligated to appellant only for the $160 per month decree obligation plus any AFDC benefits.

## ISSUE

Did the trial court err in failing to consider the child support guidelines in an action for ongoing reimbursement of public assistance pursuant to Minn.Stat. § 256.87?

## ANALYSIS

It is within the trial court's discretion to determine whether reimbursement should be ordered under Minn.Stat. § 256.87 and

what amount should be reimbursed. *State ex rel. Region VIII North Welfare v. Evans*, 402 N.W.2d 158, 161 (Minn.Ct.App. 1987). However, section 256.87 (1988) provides in pertinent part:

**Subdivision 1. Actions against parents for assistance furnished.** A parent of a child is liable for the amount of assistance furnished under sections 256.-72 to 256.87 to and for the benefit of the child, including any assistance furnished for the benefit of the caretaker of the child, which the parent has had the ability to pay. *Ability to pay must be determined according to chapter 518.* * * *

**Subd. 1a. Continuing support contributions.** In addition to granting the county or state agency a money judgment, the court may, upon a motion or order to show cause, order continuing support contributions by a parent found able to reimburse the county or state agency. * * * *The order shall require support according to chapter 518.* * * *

Minn.Stat. § 256.87 (emphasis added).

Respondent argues that an action under Minn.Stat. § 256.87 is strictly for reimbursement of public assistance and cannot be used as a substitute for modification of a valid support order. We cannot agree. While Minn.Stat. § 256.87 has been identified as an action which is totally separate from an order for child support, *County of Anoka v. Richards*, 345 N.W.2d 263, 266–67 (Minn.Ct.App.1984), that statute incorporates reference to the support provisions of chapter 518. It must, therefore, be read broadly enough to require reasonable support pursuant to the guidelines set forth in Minn.Stat. § 518.551.

Case law supports appellant's further contention that it should not be bound by a support obligation in a dissolution decree that is substantially lower than respondent's true ability to contribute to the support of his children. Parents are primarily responsible for supporting their children. The county should be required to contribute support only to the extent that the parents are unable. *Nicollet County v. Larson*, 421 N.W.2d 717, 720 (Minn.1988);

*see also County of Anoka,* 345 N.W.2d at 267.

In *Nicollet County,* the supreme court held that the child support guidelines and other provisions of chapter 518 apply in determining the amount of ongoing reimbursement a noncustodial parent is required to pay for public assistance provided to the child or the child's caretaker. Although the court determined in *Nicollet County* that support guidelines do not apply in actions for reimbursement of past public assistance, the recently amended statute requires that chapter 518 be considered in those actions as well.

Application of the guidelines to respondent's present net income would result in child support of $628 per month.[1] That sum would enable Jacqueline Miller and the minor children to end their dependence upon AFDC benefits. We remand for entry of a child support order which reflects adequate consideration of the section 518.-551 support guidelines and which is supported by detailed findings as required by *Moylan v. Moylan,* 384 N.W.2d 859 (Minn. 1986).

We note that if child support is ordered under section 256.87 in an amount sufficient to end the AFDC dependency of Jacqueline Miller and the children, that statute does allow for support to continue as ordered after public assistance is terminated. While an order for ongoing support pursuant to the guidelines is "effective for the period of time during which the recipient receives public assistance * * * and for five months thereafter" under section 256.-87, subd. 1a, the order may remain in effect for an even longer time period if:

(a) the former recipient files an affidavit with the court within five months of the termination of assistance requesting that the support order remain in effect;

(b) the public authority serves written notice of the filing by mail on the parent responsible for making the support pay-ments at the parent's last known address and notice that the parent may move the court under section 518.64 to modify the order respecting the amount of support or maintenance; and

(c) the former recipient authorizes use of the public authority's collection services.

Minn.Stat. § 256.87, subd. 3.

Despite the protections offered by Minn. Stat. § 256.87 that a support order will reflect consideration of support guidelines and may continue beyond the time AFDC benefits are received, we are left with a firm conviction in this case that the best interests of both the minor children and the taxpayers would have been more effectively served by modification of the support provisions of the dissolution decree itself pursuant to Minn.Stat. § 518.64. We are not insensitive to the claimed need of appellant to marshal and conserve its limited human resources in representation of support obligees, whether recipients of AFDC or non-recipient clients under IV–D. Social Security Act, § 454 as amended 42 U.S.C. § 654 (1982).[2] Nonetheless, it appears to this court that appellant's representation of Jacqueline Miller in a section 518.64 post-decree support modification proceeding would have served the best interests of the minor children far more effectively than the proceedings under section 256.87. Further, we believe that had appellant pursued a motion to modify support under the decree, appellant, too, would have benefited. Expenditure of time by appellant in monitoring each month's AFDC grant and in computing respondent's corresponding monetary obligation under the cumbersome reimbursement agreement between appellant and respondent could have been avoided altogether.

We are convinced that just as children should not be required to be dependent on public assistance when their parents are

---

**1.** The actual level of child support shall be determined upon consideration of all factors set forth in section 518.551.

**2.** Pursuant to 42 U.S.C. § 654(6), the county would be required to represent non-recipient clients, as well as AFDC recipients, in post-decree support modification proceedings because it must provide the same services to both groups.

financially able to provide for their support, neither should a Minn.Stat. § 256.87 reimbursement order overshadow, supplant, ignore and emasculate provisions for support in a dissolution decree, which provisions are not only enforceable but are subject to modification under Minn.Stat. § 518.64 to meet the current circumstances of both parents and children. *See State ex rel. Hendrickson v. Hendrickson,* 403 N.W.2d 872, 875–76 (Minn.Ct.App.1987) (Huspeni, J., dissenting); *State ex rel. Reg. VIII North Welfare v. Evans,* 402 N.W.2d 158, 162–63 (Huspeni, J., dissenting).

### DECISION

Minn.Stat. § 256.87 requires consideration of chapter 518 and is broad enough to allow application of the child support guidelines to respondent's income.

Reversed and remanded for further proceedings consistent with this opinion.