**COUNTY OF CROW WING, Minnesota on Behalf of CROW WING COUNTY SOCIAL SERVICES, petitioner, Appellant,**

v.

**Rodney M. THOE, Respondent.**

No. C8–89–1375.

Court of Appeals of Minnesota.

Feb. 20, 1990.
Review Denied April 20, 1990.

**358**

Stephen C. Rathke, Crow Wing Co. Atty., Dennis M. Lothspeich, Asst. Co. Atty., Brainerd, for petitioner, appellant.

John H. Erickson, Erickson Law Offices, Brainerd, for respondent.

Considered and decided by WOZNIAK, C.J., and KALITOWSKI and KLAPHAKE, JJ.

## OPINION

WOZNIAK, Chief Judge.

Appellant Crow Wing County commenced this action to obtain reimbursement and ongoing support for the total amount of assistance furnished for the support of respondent Rodney Thoe's child. The county challenges the trial court's determination that the county was not entitled to ongoing support or reimbursement of assistance beyond the amount of child support awarded in the dissolution decree without out a showing of a change of circumstances under Minn.Stat. § 518.64. We affirm in part, reverse in part, and remand.

## FACTS

Respondent Rodney Thoe and Sandra Rasmussen were divorced by a decree dated September 26, 1982. The trial court ordered Thoe to pay $150 a month in child support. For a number of years, Thoe had custody of their minor child, but in September 1988, Thoe returned custody of the child to Rasmussen. Thoe and Rasmussen agreed that in lieu of the $150 support payments, Thoe would give Rasmussen rent-free use of a home owned by Thoe. According to Thoe, he pays approximately $430 monthly in house payments, taxes, insurance, and utilities on that house.

In November 1988, Crow Wing County began providing an AFDC grant in the amount of $532 to Rasmussen and her two children. The county then commenced an action for reimbursement and ongoing support under Minn.Stat. § 256.87, requesting $437 per month, the standard grant for a parent and one child.

At a hearing on January 17, 1989, Thoe testified that his average monthly net income in 1988 was $2,310, but due to decreased overtime, his average monthly net income for 1989 would be approximately $1,527. Thoe owns three houses, one which he rents out at a loss, one which he occupies, and one which he provides to Rasmussen under their agreement. Thoe's expenses for the three houses total approximately $1,370 a month.

A representative from county social services testified that in-kind contributions such as the house provided by Thoe do not, under state law, have an impact on the amount of the AFDC grant. Thoe testified that if he were required to pay $437 per month as requested by the county, he would have to discontinue providing the house rent-free to Rasmussen.

The trial court ordered Thoe to reimburse the county in the amount of $450, three months of the $150 child support

ordered in the divorce decree, and maintained ongoing support at $150 per month.

At a hearing on March 2, 1989, the county moved for a new trial and Thoe moved for amended findings and conclusions. The trial court denied the new trial motion, but granted Thoe's motion in part. In the amended order, the court found that no evidence was introduced as to the income or expenses of the parties at the time of the dissolution and no evidence was offered as to Rasmussen's or the child's resources and needs at the present time. The court concluded that the initial child support order was reasonable and fair and that the county had not shown a substantial change in circumstances under Minn.Stat. § 518.64, subd. 2.

## ISSUES

1. Did the trial court err in limiting AFDC reimbursement to child support ordered in the dissolution decree?

2. Did the trial court err in denying the county's request to increase Thoe's ongoing support contribution?

## ANALYSIS

It is within the trial court's discretion to determine whether AFDC reimbursement should be ordered and the amount of the reimbursement. *State ex rel. Miller v. Miller*, 446 N.W.2d 199, 200 (Minn.Ct.App. 1989). Statutory construction is a question of law, however, and is subject to de novo review on appeal. *Doe v. Minnesota State Board of Medical Examiners*, 435 N.W.2d 45, 48 (Minn.1989).

1. The county contends the trial court erred in limiting reimbursement to $150 per month, the amount of child support ordered in the dissolution decree. Minnesota law provides a mechanism to allow a county to recover AFDC from a noncustodial parent.
A parent of a child is liable for the amount of assistance furnished under sections 256.72 to 256.87 to and for the benefit of the child, including any assistance furnished for the benefit of the caretaker of the child, which the parent has had the ability to pay. Ability to pay must be determined according to chapter 518. The parent's liability is limited to the amount of assistance furnished during the two years immediately preceding the commencement of the action, except that where child support has been previously ordered, the state or county agency providing the assistance, as assignee of the obligee, shall be entitled to judgments for child support payments accruing within ten years preceding the date of the commencement of the action up to the full amount of assistance furnished.

Minn.Stat. § 256.87, subd. 1 (1988).

■ The statutory language which indicates that ability to pay must be determined according to chapter 518 was added in 1988. The supreme court previously interpreted similar language in subdivision 1a to mean that the legislature intended the child support guidelines to be used to determine the amount of ongoing support. *County of Nicollet v. Larson*, 421 N.W.2d 717, 722 (Minn.1988). This court in *Miller* applied the *Nicollet County* analysis to the new language in subdivision one. *See Miller*, 446 N.W.2d at 201. In general, then, a parent is liable for assistance previously furnished which the court deems the parent has the ability to pay after consideration of the parent's earnings, income, resources, expenses, and other factors of Minn.Stat. § 518.551, subd. 5.

■ The statute also places limits on the extent of reimbursement the county may recover. If there is no prior child support order, the county may only seek reimbursement for assistance furnished during the two years preceding the action. Minn.Stat. § 256.87, subd. 1. Thus, under *Miller*, a trial court would apply the child support guidelines in setting a reimbursement amount for those two years.

■ When a child support order is previously in force, however, the county is acting "as assignee of the obligee." *Id.* The AFDC applicant is considered to have assigned to the county all rights to "current and accrued child support and maintenance obligations." Minn.Stat. § 256.74, subd. 5(1) (1988). Thus, the county stands in the

shoes of the applicant when it seeks to recover assistance furnished.

■ The statute states that the county is entitled to a judgment only for *child support payments accruing* within ten years prior to the date the action commenced, the upper limit being the full amount of the assistance furnished. Minn.Stat. § 256.87, subd. 1. Construing the statute, as appellant argues, to permit recovery of all assistance furnished which the parent has the ability to pay under the guidelines, regardless of a prior support order, would not give effect to all the statute's provisions. *See* Minn.Stat. § 645.16 (1988). In employing language referring to accrued support payments and specifying the full amount of assistance as the upper limit of reimbursement, the legislature evidenced an intent to distinguish those situations involving a pre-existing support order from those where the court was initially setting support.

The county argues that this court has, in the past, approved an award of full reimbursement above the level of support in an existing support order. In *County of Isanti v. Formhals*, the trial court awarded reimbursement for the entire amount of assistance furnished, less the amount of child support paid by appellant, despite appellant's argument that he was not in arrears in his child support. 358 N.W.2d 703, 705 (Minn.Ct.App.1984).

Absent from the 1983 version of Minn. Stat. § 256.87, subd. 1, however, is any reference to chapter 518. The present statute incorporates chapter 518 and directs a trial court to apply the guidelines under Minn.Stat. § 518.551. *See Miller*, 446 N.W.2d at 201. Thus, the reimbursement statute must be construed consistently with the dictates of chapter 518. In an initial support award under section 518.551, subd. 1, when the obligor is ordered to pay support directly to the county, the county must remit any amount received in excess of the support order. Minn.Stat. § 518.551, subd. 1 (1988). There is no reason to suppose the legislature intended to invest the county with greater rights in reimbursement actions than in support actions under section 518.551. A parent should be able to

place reasonable reliance on a prior child support award which undoubtedly was established after consideration of the factors under Minn.Stat. § 518.551, subd. 5(b). Consequently, we believe the trial court properly limited reimbursement of assistance to arrearages under the previous child support order.

2. The county also requested $437 per month in ongoing support. The trial court limited the amount of ongoing support to the $150 per month ordered in the divorce decree because the county had not shown a change in circumstances under Minn.Stat. § 518.64, subd. 2.

■ Minn.Stat. § 256.87, subd. 1a permits the court to order ongoing support contribution "according to chapter 518." Minn.Stat. § 256.87, subd. 1a (Supp.1989). Because actions under section 256.87 are separate from child support actions, orders entered pursuant to section 256.87 are not governed by the requirements for child support modification under Minn.Stat. § 518.64, subd. 2. *State ex rel. Hendrickson v. Hendrickson*, 403 N.W.2d 872, 874 (Minn.Ct.App.1987); *see also Miller*, 446 N.W.2d at 200. Instead, ability to pay is determined by the child support guidelines. *Nicollet County*, 421 N.W.2d at 721.

■ In the present case, the trial court found that the reference in section 256.87 to chapter 518 implied that the legislature intended the trial court to apply not only the child support guidelines, but also the modification section, before a county could seek contribution exceeding the amount specified in a prior support order. We disagree. Under the holdings in this court's previous cases, the trial court erred in precluding the county from further recovery because it had not established a change in circumstances.

The trial court must consider the factors of Minn.Stat. § 518.551, subd. 5(b) before setting or modifying support. The court must also make findings on the parent's expenses. *Nicollet County*, 421 N.W.2d at 722. The trial court's failure to address all the necessary factors and consider the

guidelines to determine Thoe's ability to pay is error.

The amended statutes are not models of clarity and we respectfully suggest that the legislature clearly define its intent.

## DECISION

The trial court properly limited reimbursement for past AFDC to the amount of child support in arrears. Nevertheless, the trial court erred in determining that Minn. Stat. § 518.64 applied to the county's request for reimbursement under Minn.Stat. § 256.87 and in failing to consider the guidelines when ordering ongoing support. We remand for further consideration of these factors.

Affirmed in part, reversed in part, and remanded.