**Janet L. ANDERSON and County of Beltrami, Appellants,**

**v.**

**Donald E. ANDERSON, Respondent.**

**No. C7–91–69.**

Court of Appeals of Minnesota.

June 4, 1991.

Timothy L. Tingelstad, Beltrami County Atty., Bemidji, for appellants.

Steveń A. Nelson, Steven A. Nelson, Ltd., International Falls, for respondent.

Considered and decided by FORSBERG, P.J., and CRIPPEN and KLAPHAKE, JJ.

## OPINION

FORSBERG, Judge.

Appellant Beltrami County brought this action to obtain reimbursement and ongoing support for assistance furnished for the support of respondent Donald E. Anderson's child. The matter was heard by an administrative law judge (ALJ) under the procedure established by Minn.Stat. § 518.551, subd. 10 (1990). The county argues the ALJ erred in ruling that the reservation of child support in the dissolution decree precluded reimbursement for past assistance furnished under Minn.Stat. § 256.87, subd. 1 (1990). We reverse and remand.

## FACTS

A decree dissolving the marriage of respondent and Janet L. Anderson was entered on September 17, 1986. Respondent was awarded physical custody of the parties' two older children, and Janet Anderson was awarded physical custody of the youngest child. The trial court found that both parties were unemployed and receiving AFDC. The court reserved child support "until such time as the parties become employed and/or receiving other sources of income."

In March 1988, respondent obtained full-time employment. Janet Anderson continued to receive an AFDC grant in the amount of $437 per month. No party moved to set a child support obligation for respondent until the county commenced this action under section 256.87 in April 1990.

The ALJ ordered respondent to pay ongoing support of $270 per month and to reimburse the county in the amount of $1,080 for assistance provided since May 1, 1990. The county moved for amended findings or a new trial, arguing it was entitled to reimbursement for assistance furnished during the two years immediately preceding this action. The ALJ denied the motion, concluding that section 256.87, subd. 1, limited AFDC reimbursement to child support payments accrued under the dissolution decree. The ALJ reasoned that because the decree reserved child support, there could be no arrearages and no right to reimbursement.

## ISSUE

Did the ALJ err in refusing to order AFDC reimbursement for the two-year period prior to the commencement of the county's action because the dissolution decree reserved child support?

## ANALYSIS

■ It is within the trial court's discretion to determine whether reimbursement should be ordered under section 256.87 and what amount should be reimbursed. *State, ex rel. Region VIII North Welfare v. Evans,* 402 N.W.2d 158, 161 (Minn.App.1987). The outcome in this case, however, results from the ALJ's interpretation of section 256.87, subd. 1. Statutory construction is a question of law and is subject to de novo review on appeal. *Doe v. Minnesota State Bd. of Medical Examiners,* 435 N.W.2d 45, 48 (Minn.1989).

■ The parent has the primary responsibility to support the child, and the county should only be expected to contribute to the extent that the parent is unable. *Nicollet County v. Larson,* 421 N.W.2d 717, 720 (Minn.1988). This policy is served by the statutory mechanism allowing the county to recover past public assistance provided to the child or the child's caretaker from the noncustodial parent.

A parent of a child is liable for the amount of assistance furnished under sections 256.72 to 256.87 to and for the benefit of the child, including any assist-ance furnished for the benefit of the caretaker of the child, which the parent has had the ability to pay. Ability to pay must be determined according to chapter 518. The parent's liability is limited to the amount of the assistance furnished during the two years immediately preceding the commencement of the action, *except that where child support has been previously ordered,* the state or county agency providing the assistance, as assignee of the obligee, shall be entitled to judgments for child support payments accruing within ten years preceding the date of the commencement of the action up to the full amount of assistance furnished.

Minn.Stat. § 256.87, subd. 1 (1990) (emphasis added).

■ The ALJ determined that reimbursement for assistance furnished during the two years prior to commencement of the action was not available to the county because the reservation of support in the original dissolution decree was an "order" for support. We disagree. The express reservation of a child support obligation does not constitute a determination of child support. *Bennyhoff v. Bennyhoff,* 406 N.W.2d 92, 94 (Minn.App.1987). Accordingly, where support is reserved in the original decree, the subsequent establishment of a support obligation is treated as an initial matter rather than a modification of a prior support order. *Bennyhoff,* 406 N.W.2d at 94.

The letter of the law shall not be disregarded when the words of the law and their application to an existing situation are clear and free from all ambiguity. Minn. Stat. § 645.16 (1990). Under the clear language of section 256.87, subd. 1, the exception to the parent's liability for actual assistance furnished in the two years prior to the action does not apply here because child support was reserved, not "previously ordered."

## DECISION

The ALJ erred in concluding that the county was precluded from obtaining reim-

bursement for assistance furnished during the two years immediately preceding the reimbursement action because of the terms of a prior dissolution decree. Respondent is liable for assistance furnished during that period according to his ability to pay. We reverse and remand for reconsideration of the county's action for reimbursement under section 256.87, subd. 1.

Reversed and remanded.

CRIPPEN, Judge (concurring specially).

In my opinion, the majority misconstrues statutory law and is apt to produce confusion and future litigation.

1. Under the assistance reimbursement statute, liability of a parent "is limited to the amount of assistance furnished during the two years immediately preceding the commencement of the action." Minn.Stat. § 256.87, subd. 1 (1990). Under this provision, the reimbursement right is limited only by "the amount of assistance furnished" for the preceding two year period. *Id.* There is no other exception in the statute that limits the amount of recovery during the stated two year period. The subsequent clause contains an exception;[1] however, this language does not limit but enlarges the potential reimbursement by permitting recovery for an additional period of eight years in cases where the agency seeks to collect arrearages under a prior support award. *Id.*

The administrative law judge did not pretend to deal here with a supposed exception regarding previously ordered support. The majority opinion invites an issue of the kind premised on construction of language in a prior decree, but no such issue can exist under the present statute. Regardless of the prior decree, the statute permits reimbursement for support during the prior two years, limited only by the amount of assistance furnished and the obligor's ability to pay.

2. As indicated, the error of the trial court does not involve confusing the two year recovery provision and the ten year clause on previously ordered support. Rather, the trial judge misconstrued the statute in another way. The judge concluded that all reimbursement proceedings, including those for assistance paid during the preceding two years, constitute a collection of arrearages. To the contrary, reimbursement during the two year period is entirely independent of dissolution decree obligations, paid or unpaid. Under the statute, reimbursement is absolutely permissible for the preceding two year period, limited only by the actual amount of assistance furnished and the obligor's ability to pay.

The administrative judge understandably attempted to conform his decision to the ruling of this court in *County of Crow Wing v. Thoe*, 451 N.W.2d 357 (Minn.App. 1990), *pet. for rev. denied* (Minn. Apr. 20, 1990). In *Thoe*, the trial court permitted a reimbursement for the preceding three months, but limited the amount of reimbursement to the sum stated in a preexisting dissolution divorce decree. *Id.* at 358–59. In my opinion, the trial court erred in *Thoe* and we should not have affirmed the decision. Our opinion in *Thoe* misconstrues the two year reimbursement right by studying at some length the expanded right to collect arrearages for an additional period of years. *Id.* at 359–60. Clearly, the expanded right concerns actual accruals under an existing dissolution decree. The expanded reimbursement period, however, has nothing to do with the reimbursement right for the preceding two years. To repeat, reimbursement for assistance furnished during the preceding two years is limited only by the amount of assistance furnished.

The *Thoe* holding, as well as the administrative judge's holding here, invites some further discussion. Is there any rationale for the notion that the preexisting dissolution decree affects recovery under the stat-

---

1. The "except" clause is worded as follows:
 [E]xcept that where child support has been previously ordered, the state or county agency providing the assistance, as assignee of the obligee, shall be entitled to judgments for child support payments accruing within ten years preceding the date of the commencement of the action up to the full amount of assistance furnished.
 Minn.Stat. § 256.87, subd. 1 (1990).

ute for assistance furnished during the preceding two years?

Historically, it is true that the county collects reimbursement as an assignee of the accrued arrearages. *See* Minn.Stat. § 256.74, subd. 5 (1990). Nevertheless, the legislature has expanded the county's rights under section 256.87, subd. 1. For the two years preceding an action, the county has a reimbursement right which is premised on the ability to contribute, not on a prior decree. The legislative decision conforms with an overriding public policy that "the primary obligation of support of a child should fall on the parent and the County should only be expected to contribute to the extent that the parent is unable." *County of Nicollet v. Larson*, 421 N.W.2d 717, 720 (Minn.1988) (quoting County of *Anoka v. Richards*, 345 N.W.2d 263, 267 (Minn.App.1984)).

Under section 256.87, subd. 1, prior ability to pay "must be determined according to chapter 518." Does a prior decree constitute such a determination? This question must be answered in the negative. The decree shows the obligor's ability to pay at the time the decree was issued. It does not demonstrate a chapter 518 determination on the obligor's ability to pay during the two years preceding a reimbursement action of the county.

As noted in *Thoe*, there may be public policy that "[a] parent should be able to place reasonable reliance on a prior child support award." *Thoe*, 451 N.W.2d at 360. Notwithstanding this policy, the legislature, pursuing another policy, has declared an independent reimbursement right for the two years preceding a county action under section 256.87.

In addition, it should be noted that the trial court's application of *Thoe* is inappropriate on the facts of the immediate case. In *Thoe*, the reimbursement proceedings occurred after a decree specifically determining a child support obligation. *Thoe*, 451 N.W.2d at 358. Here there was no such prior determination as a matter of fact. Neither party was employed at the time of the divorce decree, and the trial court at that time concluded that the child support issue should be "reserved by the Court until such time as the parties become employed and/or receiving [sic] other sources of income." Such a reservation does not constitute a child support decision. *Bennyhoff v. Bennyhoff*, 406 N.W.2d 92, 94 (Minn.App.1987) (support award following reservation of the issue treated as "initial" support decision). Under *Thoe*, no matter what may be the effect of a prior decree, the court stated that those situations must be distinguished from cases where the court is "initially setting support." *Thoe*, 451 N.W.2d at 360.

Finally, the administrative judge reasoned that the county in seeking reimbursement "according to chapter 518" had to utilize a dissolution case petition to set or modify a support award if it wished to recover more than permitted by the last prior support decision of the dissolution court. This reasoning misconstrues the reference to chapter 518, which does not concern process under the chapter, but rather substantive measurement of the reimbursement amount according to the standards of Minn.Stat. § 518.551 (1990); section 256.87, subd. 1, states that it is the "ability to pay" which is to be determined "according to chapter 518."