In re the Marriage of Steven Darryl **DAVIS, Petitioner, Respondent,**

v.

Nancy Kay **DAVIS**, n/k/a Nancy Kay Haux, **Appellant.**

No. C1–01–40.

Court of Appeals of Minnesota.

July 31, 2001.

Joseph A. Evans, Becker County Attorney, Detroit Lakes, for respondent.

Bonnie J. Askew, Fargo, ND, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge, CRIPPEN and STONEBURNER, Judges.

## OPINION

STONEBURNER, Judge.

The 1993 decree of dissolution, based on the parties' stipulation, awarded them joint legal and physical custody of their two children and reserved the district court's jurisdiction over the matter of child support. In 2000, Becker County initiated childsupport proceedings. After a hearing, a child support magistrate (CSM) ordered mother to pay $345 per month in ongoing child support and to provide medical and dental insurance for the children, and granted father a $13,638 judgment for child-support arrearages from January 1997 to July 2000. Mother moved for reconsideration, requesting amended findings and an amended order or a new hearing. The district court, which was not provided with a transcript of the hearing, reconsidered the matter based on the record submitted and issued a one-paragraph order affirming the CSM's order without modification. Mother appeals.

Because (1) the district court has no authority to make an initial child-support obligation retroactive; (2) there is insufficient evidence to support the finding of mother's net monthly income; and (3) the Hortis/Valento formula applies in a joint physical custody arrangement, we reverse and remand to the district court for recalculation of mother's support obligation.

## FACTS

The parties dissolved their marriage in 1993 and were granted joint physical and legal custody of their two children. According to the decree, during the school year the children live with father and spend the weekends with mother, and in the summer the children live with mother and spend the weekends with father. The district court reserved jurisdiction over the matter of child support:

> No child support is being requested by [father] at this time giving consideration to the fact that [mother] has just recently obtained only part time employment at a minimum wage. When [mother's] salary reaches $600.00 net per month, child support will be established according to Minnesota statutory guidelines.

The dissolution order recognizes that the children are covered by Minnesota Medical Assistance and makes father responsible for providing health insurance when the children no longer qualify for public assistance. Subsequent to the dissolution, MinnesotaCare benefits replaced Minnesota Medical Assistance for the children. Mother, who is remarried, includes the children as insureds under the health-insurance policy available through her current spouse's employment.

On June 7, 2000, Becker County commenced an action to establish child support, medical support, and child-support arrearages. The form motion states: "This is an action to establish child, medi-

cal, and child care support under Minnesota Statutes Sections 256.87, 518.551, 518.64 and 518.171." The proposed order served with the motion states that "[t]his is an action to establish child support that had previously been reserved and is brought under Minnesota Statutes Section 256.87." Mother requested a hearing, which was held before a CSM on August 16, 2000. Neither parent was represented by counsel.

The CSM found that mother was self-employed as a daycare provider in her home, and her gross weekly income was $320. After deductions of $56 for medical and dental insurance and $181 for federal and state taxes and social security, the CSM computed mother's net monthly income as $1,149.67. The CSM found that mother's net monthly income had been $600 or more since at least January 1, 1997, and that the children qualified for MinnesotaCare, even though mother provided medical and dental insurance. The CSM ordered mother to pay ongoing child support in the amount of $345 per month beginning July 1, 2000, granted father a judgment for reimbursement for past support from January 1, 1997 to July 1, 2000 in the amount of $13,638, and ordered mother to maintain medical and dental insurance for the children.

Mother moved the district court for reconsideration, arguing that: (1) the order does not correctly reflect her income because she was not prepared to testify about business income and expenses and that her true net monthly income is $648; (2) the Hortis/Valento formula should have been applied; (3) the CSM erred in making child support retroactive for more than three and a half years; and (4) the children did not qualify for MinnesotaCare because mother already provided medical insurance for the children. Neither party submitted a transcript of the hearing to the district court. In an order dated November 6, 2000, the district court granted reconsideration, reviewed the matter based on the record presented, and concluded that no changes were needed to the CSM's findings and order for judgment. Mother appeals the district court's order.

## ISSUES

1. Did the district court abuse its discretion in making the initial child-support obligation retroactive?

2. Did the district court clearly err in determining mother's net monthly income?

3. Did the district court abuse its discretion by failing to apply the Hortis/Valento formula?

## ANALYSIS

The district court reviews the CSM's decision de novo. *Blonigen v. Blonigen*, 621 N.W.2d 276, 280 (Minn.App. 2001), *review denied* (Minn. Mar. 13, 2001); see Minn. R. Gen. Pract. 372.05, subd. 2 (stating district court must make an independent review of any findings or provisions of the CSM's decision). Seeking review of a CSM's decision is not necessary to appeal the decision to this court, but not seeking review limits the scope of review on appeal to whether the evidence supports the findings and whether the findings support the conclusions and the judgment. *See Brazinsky v. Brazinsky*, 610 N.W.2d 707, 710 (Minn.App.2000) (concluding this court applies the same standard of review to a CSM's order as we would apply to an order issued by the district court); *see also Rutten v. Rutten*, 347 N.W.2d 47, 50–51 (Minn.1984) (recognizing that district courts have broad discretion to provide for the support of the parties' children, and this court will not reverse the district court's decision on child support

unless that decision was clearly erroneous).

 If review of the CSM's decision is sought in the district court, a transcript is not necessary. *Blonigen,* 621 N.W.2d at 282. Failure to submit a transcript to the district court for review of the CSM's decision precludes consideration of the transcript on appeal because the transcript is not part of the record on appeal. *See* Minn. R. Civ.App. P. 110.01 (stating the record on appeal consists of "[t]he papers filed in the trial court"); *Fabio v. Bellomo,* 489 N.W.2d 241, 246 (Minn.App.1992) ("The court will strike documents included in a party's brief that are not part of the appellate record."), *aff'd,* 504 N.W.2d 758 (Minn.1993). We review the district court's decision confirming the CSM's order under an abuse-of-discretion standard. *See Rutten,* 347 N.W.2d at 50–51.

## I.

Mother argues that the district court abused its discretion in granting a judgment to father for child support retroactive to January 1, 1997. Whether the district court abused its discretion in making mother's child-support obligation retroactive to January 1,1997, depends on the statutory basis for the county's petition to establish support. In her brief, mother characterized this action as an action for reimbursement of public assistance brought pursuant to Minn.Stat. § 256.87 (2000) and argued that the district court abused its discretion in failing to determine that the children were entitled to MinnesotaCare benefits. *See County of Hennepin ex rel. Clark v. Hernandez,* 554

N.W.2d 618, 620 (Minn.App.1996) (holding that before determining the amount of the support obligation, the court must first determine whether the party seeking reimbursement is entitled to support). Mother also argued that the district court abused its discretion in ordering child support without determining the amount of public assistance expended. *See County of Nicollet v. Larson,* 421 N.W.2d 717, 719 (Minn.1988) (holding court must consider obligor's ability to pay and amount of assistance expended by the county in calculating reimbursement owed). The county asserts that these issues are irrelevant because this was not an action for reimbursement to the county for public assistance expended pursuant to Minn.Stat. § 256.87. We agree. Minn.Stat. § 256.87, which contains authority for a retroactive award of child support, does not apply to this action because the county did not seek reimbursement or receive a judgment for reimbursement of public assistance expended.

The county argues that the action is an action to modify an existing support order on behalf of the father, governed by Minn. Stat. § 518.64 (2000), which authorizes a retroactive modification of child support where the party seeking modification received public assistance.[1] *See* Minn.Stat. § 518.64, subd. 2(d). At oral argument, mother conceded that the action was not for reimbursement of public assistance but argued that the modification statute does not apply because this is an action to establish mother's initial child-support obligation. We agree.

---

1. The county brought a claim on a form petition "to establish child, medical, and child care support under Minnesota Statutes Sections 256.87, 518.551, 518.64 and 518.171." The county's petition does not clearly indicate whether this is an action to establish or modify child support or for reimbursement of public assistance expended by the county. The CSM's order is equally ambiguous, stating this is an action under "Minn.Stat. §§ 518.551, subd. 5; 256.87 and 257.66."

■ Where support is reserved in the original decree, "a subsequent establishment of a support obligation is treated as an initial support order rather than a modification of a prior support order." *See Anderson v. Anderson,* 470 N.W.2d 719, 721 (Minn.App.1991) (citing *Bennyhoff v. Bennyhoff,* 406 N.W.2d 92, 94 (Minn.App. 1987)); *Mulroy v. Mulroy,* 354 N.W.2d 66, 69 (Minn.App.1984). The action, as it is titled, is an action for establishment of child support. The original decree clearly indicates the parties' intention to examine the issue at a later date when mother had the ability to pay. *See Bennyhoff,* 406 N.W.2d at 94 (noting decree's language indicates parties' obvious intention to examine issue at later time). This is not a modification action, and Minn.Stat. § 518.64 does not apply.

■ Without citing any authority, the CSM awarded—and the district court affirmed—retroactive child support based on a determination of when mother's net monthly income reached $600 per month:

> For the time period when [mother's] net monthly income was $600.00 or greater, the Court will start with January, 1997, even though [mother] clearly was employed sometime in 1996. [Mother] had the ability to reimburse [father] the sum of $13,638.00.

Generally, where no prior order to pay child support exists, it is improper to give a support order retroactive effect. *Paulson v. Paulson,* 381 N.W.2d 53, 55 (Minn. App.1986).

In *Martin v. Martin,* we held that the district court did not make a retroactive award of child support where the court had entered an order on January 17, 1986 that "when appellant returned to full-time employment, she was to pay support according to the statutory child support guidelines" and then in a July 7, 1986 order, required guideline support commencing on January 17, 1986, based on a finding that appellant had returned to full-time work on January 1, 1986. *Martin v. Martin,* 401 N.W.2d 107, 109, 111 (Minn. App.1987). The present case is distinguishable, however, because the language in the decree, unlike the language in *Martin,* does not require mother *to pay* guideline support when her income reaches $600 per month. Here, the decree says that child support *will be established* when mother's income reaches $600 net per month. Absent unusual circumstances not argued to be present here, we conclude that the district court abused its discretion by making the obligation retroactive.

## II.

■■ Mother argues that the district court's determination of her net monthly income is clearly erroneous where the court failed to make a finding on her necessary and ordinary business expenses. A district court's finding on net income for purposes of child support will be affirmed on appeal, if those findings have a reasonable basis in fact and are not clearly erroneous. *State ex rel. Rimolde v. Tinker,* 601 N.W.2d 468, 470 (Minn.App.1999).

For child-support purposes, income from self-employment "is equal to gross receipts minus ordinary and necessary expenses." Minn.Stat. § 518.551, subd. 5b(f) (2000). The CSM determined that mother was self-employed as a daycare provider in her home and that her gross weekly income was $320. The CSM made no findings regarding mother's business expenses beyond deductions for medical and dental insurance, taxes, and social security. In addition, the record contains no evidence that the district court considered the appropriate tax table for self-employment income.

Because there is no evidence in the record to support the district court's finding of mother's net monthly income, the decision has no reasonable basis in fact. We remand to the district court to open the record for reconsideration of mother's legitimate business expenses and a determination of an appropriate tax table to calculate mother's net monthly income.

### III.

■ Mother argues that the district court abused its discretion in failing to apply the Hortis/Valento formula because the parties have joint physical custody of the children. The county argues that the Hortis/Valento formula is not applicable because, in actuality, the children live with father and spend an insignificant amount of time with mother. Failure to apply the Hortis/Valento formula to undisputed facts is a legal error reviewed de novo. *See Rumney v. Rumney*, 611 N.W.2d 71, 73 (Minn.App.2000) (citing *Ayers v. Ayers*, 508 N.W.2d 515, 518 (Minn.1993)).

■ "Application of the Hortis/Valento formula 'should be used in all joint physical custody cases.'" [2] *Blonigen*, 621 N.W.2d at 282 (quoting *Tweeton v. Tweeton*, 560 N.W.2d 746, 748 (Minn.App.1997), *review denied* (Minn. May 28, 1997)). "Custody provisions contained in a stipulated decree must be accorded a good deal of deference * * *." *Ayers*, 508 N.W.2d at 520. Joint physical custody does not require an equal division of time. *Id.* (cita-

tion omitted); *see* Minn.Stat. § 518.003, subd. 3(d) (2000) (stating joint physical custody "means that the routine daily care and control and the residence of the child is structured between the parties").

■ The decree provides that the parties share joint physical custody in an arrangement where during the school year the children live with father and spend the weekends with mother, and in the summer they live with mother and spend the weekends with father. The terms of the decree support a conclusion that the parties share joint physical custody of their children. *Cf. Blonigen*, 621 N.W.2d at 281 (finding district court did not err in determining parties shared joint physical custody where the parties described the arrangement as joint physical custody and the routine daily care and control and residence of the children was structured between the parties). The record on appeal shows no evidence that the parties have departed from this parenting arrangement. The district court abused its discretion in failing to apply the Hortis/Valento formula where a joint physical custody arrangement exists.

■ Under the Hortis/Valento formula, a parent must pay support in the amount indicated by the guidelines only during the periods of time that the other parent has custody of the children. *Id.* at 282; *see Valento v. Valento*, 385 N.W.2d 860, 862 (Minn.App.1986), *review denied* (Minn.

---

**2.** The supreme court recently held that application of the Hortis/Valento child-support formula in sole physical custody cases is a deviation from the child-support guidelines and cannot occur without the findings required by Minn.Stat. § 518.551, subds. 5(c), 5(i) (1998). *Rogers v. Rogers*, 622 N.W.2d 813, 821 (Minn. 2001). The court declined to address whether the use of the Hortis/Valento formula was proper in the context of a joint physical custody situation because the issue was not before the court. *Id.* at 821 n. 19. In this case, the

parties do not challenge the propriety of the Hortis/Valento formula in joint physical custody cases, and we decline to address that issue. *See, e.g., Duffney v. Duffney*, 625 N.W.2d 839, 842 n. 1 (Minn.App.2001) (declining to comment on the propriety of the assumption that the Hortis/Valento formula is proper in a joint physical custody case); *see also Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (stating appellate courts generally ly address only issues presented to and decided by the district court).

Jun. 30, 1986); *Hortis v. Hortis,* 367 N.W.2d 633, 636 (Minn.App.1985). We remand to the district court, which may review the transcript from the hearing before the CSM and, if necessary, reopen the record for additional evidence, or conduct a rehearing, to permit the district court to make adequate findings on the amount of time the children spend with each parent, and to apply the Hortis/Valento formula to calculate mother's support obligation.

## DECISION

Because this is an action to establish child support, not to modify an existing child-support order or to reimburse the county for public assistance expended, the district court had no authority to order retroactive child support. The record does not support the district court's finding of mother's net monthly income. The district court abused its discretion in failing to apply the Hortis/Valento formula.

**Reversed and remanded.**