**In re Robert J. VOGELSBERG, petitioner, Appellant,**

**v.**

**Lisa L. VOGELSBERG, Respondent,**

**CITY OF RICE, Intervenor.**

**No. A03–464.**

Court of Appeals of Minnesota.

Dec. 23, 2003.

Keith L. Deike, Patton, Hoversten & Berg, P.A., Waseca, MN, for appellant.

Catherine Brown Furness, Owatonna, MN, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge; HALBROOKS, Judge; and STONEBURNER, Judge.

## OPINION

KALITOWSKI, Judge.

Appellant contends the district court erred when it determined it did not have jurisdiction to review a subsequent decision of the child support magistrate (CSM) following a remand from the district court. Appellant also argues that the CSM erred by miscalculating his income and increasing his child support obligation.

## FACTS

Appellant Robert Vogelsberg and respondent Lisa Vogelsberg married in 1994. Approximately three years later their daughter, M.L.V., was born; shortly afterward, appellant petitioned for dissolution of the marriage. The district court dissolved the parties' marriage by stipulation in August 1998. In accordance with the parties' agreement, the court granted shared legal custody of M.L.V. to both parties, physical custody to respondent, and visitation to appellant. The district court also ordered appellant to pay $614 per month in child support.

Rice County provides child support collection services to the parties. In March 2002, Rice County informed appellant that a cost of living adjustment would be added to his current child support obligation unless he filed a timely motion and proved his income had not increased. Respondent subsequently filed a motion asking the court to increase appellant's child support obligation, claiming appellant's earnings had increased. Appellant filed a motion requesting that the court stay the cost of living adjustment and decrease his child support obligation because his earnings had decreased.

On June 14, 2002, the CSM heard the parties' motions, and on July 9, 2002, the CSM granted appellant's request to stay the cost of living adjustment and denied both parties' motions to modify the child support obligation. A notice attached to the CSM's order informed the parties that they had the right to (1) request a correction of clerical mistakes; (2) make a combined motion for correction of clerical mistakes and review by the CSM or district court; or (3) appeal to the court of appeals.

On July 24, 2002, respondent filed a motion for judicial review by the district court, arguing that the CSM erred in denying her motion for an increase in child support, citing numerous miscalculations and errors. On October 8, 2002, the district court affirmed the CSM's decision in part, amended it in part, and remanded the matter to the CSM for a new hearing to recalculate appellant's income and redetermine appellant's child support obligation.

On November 8, 2002, the CSM held a hearing, and on December 3, 2002, the CSM granted respondent's motion for

modification and increased appellant's child support obligation to $1,000 per month. The CSM found that it made several errors in calculating appellant's income in the earlier order, including deducting social security and Medicare taxes from appellant's income when he only paid the Medicare tax. Again, the notice attached to the CSM's order informed the parties they had the right to (1) request a correction of clerical mistakes; (2) make a combined motion for correction of clerical mistakes and review by the CSM or district court; or (3) appeal to the court of appeals.

On December 24, 2002, appellant filed a combined motion to correct a clerical mistake and a motion seeking review by the district court, arguing the CSM erred by: (1) granting a support obligation that was 30% of his income when 25% was the correct standard for one child; (2) miscalculating his income; and (3) modifying his child support obligation when respondent failed to establish a presumption of unfairness.

On January 6, 2002, respondent made a motion asking the court to deny appellant's motion for review, arguing that appellant could only appeal the CSM's decision to the court of appeals. On March 3, 2003, the district court: (1) denied appellant's motion for review, determining that it did not have jurisdiction to review the CSM's second order and that appellant's only remedy was to appeal to the court of appeals; and (2) reduced appellant's child support obligation from $1,000 to $833 per month, determining that the CSM made a clerical mistake in requiring an obligation that was 30% of appellant's income instead of the proper 25% standard for one child.

## ISSUE

Did the district court have jurisdiction to review the CSM's second decision?

## ANALYSIS

 This court reviews a district court's determination of subject matter jurisdiction de novo. *Ludwigson v. Ludwigson,* 642 N.W.2d 441, 448 (Minn.App.2002). This court also reviews a district court's interpretation of procedural rules de novo. *Kastner v. Star Trails Ass'n,* 646 N.W.2d 235, 238 (Minn.2002). Appellant contends the district court erred in finding it did not have jurisdiction because the court had jurisdiction to review the CSM's second decision under Minnesota Rules of General Practice 376.01 and 377.09, subd. 2(b). We agree.

Minnesota Rule of General Practice 376.01 provides in relevant part: "Any party may bring a motion for review of the decision and order or judgment of the child support magistrate." On review

[t]he child support magistrate or district court judge shall make an independent review of any findings or other provisions of the underlying decision and order for which specific changes are requested in the motion. The child support magistrate or district court judge shall affirm the order unless the court determines that the findings and order are not supported by the record or the decision is contrary to law. The child support magistrate or district court judge may issue an order:

(1) denying in whole or in part the motion for review;

(2) approving, modifying, or vacating in whole or in part, the decision and order of the child support magistrate; or

(3) scheduling the matter for hearing and directing the court administrator to serve notice of the date, time, and location of the hearing upon the parties.

In addition, the district court judge may remand one or more issues back to the child support magistrate with instructions.

Minn. R. Gen. Pract. 377.09, subd. 2(b). The phrases "any party" and "a motion" in rule 376.01 indicate that each party is entitled to bring a motion for review.

This court has not previously determined whether a district court can review a CSM's second decision where a party sought review of the CSM's first decision by the district court, the district court remanded to the CSM, the CSM reversed its original decision, and the other party subsequently sought review. The district court cites an unpublished opinion of this court for the proposition that a district court may not review a CSM's second decision following a remand from the district court. *Loch v. Fuchs*, No. C3–01–10, 2001 WL 710389 (Minn.App. June 26, 2001). But unpublished opinions of this court are not precedential. Minn.Stat. § 480A.08, subd. 3(c) (2002); *Dynamic Air, Inc. v. Bloch*, 502 N.W.2d 796, 800 (Minn.App. 1993). And more importantly, the facts in *Loch* are easily distinguishable from the facts here.

In *Loch*, the county moved to modify appellant's child support obligation, and appellant requested a hearing. *Loch*, 2001 WL 710389, at *1. After a hearing, the CSM increased appellant's child support obligation, and appellant filed a motion for review by the district court. *Id.* The district court remanded the matter to the CSM with instructions to make additional findings to clarify its decision. *Id.* The CSM did not hold a hearing but merely clarified the previous order by adding three findings regarding appellant's and his spouse's incomes. *Id.* In addition, the notice attached to the CSM's second order informed the appellant that he had a right to appeal to the court of appeals, but he did not have a right to bring a motion for review or a motion to correct clerical mistakes before the CSM or the district court. *Id.* at *2.

Here, following remand, the CSM held another hearing, which ultimately resulted in a reversal of its previous order. Further, the record indicates that following the remand the CSM engaged in more than mere clarification. The comment to Minn. R. Gen. Pract. 376.01 indicates that the rule permits a second review following a hearing. The comment states: "A party may make a motion for review regarding an order, regardless of whether it was issued as a result of default, based upon a stipulation or agreement of the parties, *or issued following a hearing.*" (Emphasis added.)

Significantly, respondent requested that the district court review the CSM's first order, and following the CSM's reversal of its original decision, appellant is requesting review of the CSM's second order. Appellant should not be deprived of his right to the district court's de novo review of the CSM's second decision and left with this court's review under an abuse-of-discretion standard merely because respondent requested that the district court review the first order. *See Davis v. Davis*, 631 N.W.2d 822, 825 (Minn.App.2001) (noting that district courts review a CSM's decision de novo); *see also Gully v. Gully*, 599 N.W.2d 814, 820 (Minn.1999) (noting that appellate courts review a district court's custody modifications under abuse-of-discretion standard); *Brazinsky v. Brazinsky*, 610 N.W.2d 707, 710 (Minn.App. 2000) (noting that appellate courts apply the same standard of review to orders issued by the CSM as they apply to orders issued by the district court).

**DECISION**

In conclusion, based on the language of Minn. R. Gen. Pract. 376.01 and its com-

ment, the district court had jurisdiction to review the CSM's second decision where: (1) respondent sought review of the CSM's first decision by the district court; (2) the district court remanded to the CSM; (3) the CSM reversed its original decision following a second hearing; and (4) appellant seeks review of the CSM's second decision.

Because the district court had jurisdiction to review the CSM's second decision, we do not reach appellant's argument that due process mandates review by the district court because the notice attached to the CSM's second decision informed him he could seek such a review. Finally, because we are remanding the CSM's decision to the district court for de novo review, we do not address appellant's claim that the CSM erred in setting his child support obligation.

**Reversed and remanded.**