## STATE v. RAYMOND ALLEN FUERST.

168 N. W. (2d) 1.

May 16, 1969—No. 41572.

*Gene T. Ecker,* for appellant.

*Douglas M. Head,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Sheran, Peterson, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from an order of the district court finding defendant to be in contempt of court and directing that he be committed to the Ramsey County workhouse for a period of 30 days with the right to secure his release by paying the sum of $435 for the support of his child.

On October 27, 1967, defendant, who is now 22 years of age, was ad-

judged to be the father of a child born out of wedlock and directed to pay to the Ramsey County Welfare Department the sum of $50 per month for the infant's benefit. Between that time and July 1, 1968, he paid only $15.

Civil contempt proceedings were instituted. Defendant filed an affidavit with respect to his income and expenses during this interval, claiming that he was unable to make the payments required by the October 27, 1967, order. The affidavit sets out defendant's income and expenses during the period from October 27, 1967, to July 31, 1968. He was employed by Brown and Bigelow from October 27 to December 8, 1967, with net earnings of approximately $255 per month. He worked at Honeywell's New Brighton plant from January 12 to March 1, 1968, at a net income of about $280 per month. From March 1 to March 20, 1968, he tried selling stereos door-to-door but, although he himself purchased a stereo for demonstration purposes, he was unable to make sales to others. From March 20 to April 10, 1968, he was employed by Arlan's Department Store, earning approximately $170 per month. From April 10 to May 1, 1968, he worked for J. C. Penney Company, where his monthly net earnings were about $170. From May 29 to July 7, 1968, he was employed by North Central Airlines in Chicago, Illinois, earning about $340 monthly. He was not employed during the period from July 7, 1968, to the date of the hearing in the district court.

In detailing his living expenses for this period, defendant claims that most of the time he was required to pay approximately $100 per month for his meals; $20 per month on account of furniture bought in anticipation of a marriage which did not take place; $55 per month for insurance and upkeep for his automobile; $24.71 monthly for payments on the stereo set; and other personal expenses. Examination of defendant by the county attorney established that although he was delinquent on his support payments, he managed to stay current on his contract payments for the furniture and stereo equipment.

The legal principles involved in determining whether the district court was justified in rejecting defendant's claim of inability to comply with the order of October 27, 1967, have been recently reviewed in Hopp v. Hopp, 279 Minn. 170, 156 N. W. (2d) 212, and need not be repeated.

The obligation of a father to support his progeny must take precedence

over every consideration for himself not arising from the absolute necessities of self-sustenance. In this case, the payments on the contracts for the purchase of unessential furniture and the stereo set and the maintenance of an automobile when not necessary to get to and from work could well have been considered by the trial court as being subordinate in priority to the defendant's obligation to support his child.

We cannot accept in these days the claim of a 22-year-old adult that he has done his best to support his child when his total contribution over a 9-month period totals $15. The fact that he sought and received aid from the Community Health Service at St. Paul-Ramsey Hospital, while commendable, is not a sufficient justification for the almost total failure to comply with the district court's order of October 27, 1967.

In the time that has elapsed since the order was entered, defendant may have found methods of meeting his problems which will make his commitment unnecessary. While he may not be able to pay the arrearages in full at this time, we believe that the trial court will be receptive to a reasonable plan suggested by defendant which will assure the child's support without the necessity of confinement. The initiative for proposing such a plan must be taken by defendant. Our decision is without prejudice to such proceedings.

Affirmed.