**In re the Marriage of Kanchan ARORA, petitioner, Respondent,**

v.

**Vasu ARORA, Appellant.**

**No. C3–84–163.**

Court of Appeals of Minnesota.

July 17, 1984.

Review Denied Oct. 11, 1984.

William E. Haugh, Jr., Collins, Buckley, Sauntry & Haugh, St. Paul, for appellant; Douglas W. Thomson, St. Paul, of counsel.

Morry N. Rothstein, Rothstein, Wolf, Kaplan & Goff, P.A., St. Paul, for respondent.

Heard, considered and decided by LANSING, P.J., and FOLEY and LESLIE, JJ.

## OPINION

LANSING, Judge.

Vasu Arora appeals an order of the district court modifying a Wisconsin dissolution decree by reducing his future child support obligation from $600 to $400 per month. Arora contends that the trial court abused its discretion because it refused to retroactively modify the support obligation and did not set the support at a low enough level. We affirm.

## FACTS

The marriage of Kanchan Arora, now Kanchan Daken, and Vasu Arora was dissolved by a Wisconsin court in 1977. Daken received custody of the couple's two children, and child support was set at $600 per month. In making the award, the court specifically stated that the amount was not divided per child because one of the children would shortly reach the age of majority.

The Wisconsin court distributed property with a *net* value of $228,713 to Arora and property with a *net* value of $150,170 to Daken. The judgment was amended in early 1978. Daken was awarded the Sky Blue Waters Motel and life insurance which had originally been awarded to Arora. Arora was awarded the Arora Apartments and unimproved real estate in both Osseo and Menomonie, Wisconsin, which had originally been awarded to Daken. The net value of the property awarded to each of the parties remained approximately the same as in the original decree. The child support provisions of the original decree remained the same in the amended judgment.

At the time of the separation, Arora practiced medicine in a number of clinics, bought and sold real estate, and operated the Golden Chef restaurant and truck stop. Daken worked at the truck stop and assisted in the management of their various business properties.

The parties appeared before the Ramsey County District Court in July 1980. Daken had moved, in addition to other motions, for an order finding Arora in contempt for not complying with the Wisconsin child support orders. Arora moved to modify the child support obligation because Daken received a large property settlement under the Wisconsin order. He averred that the parties had agreed, and it was the intention of the court, that the award of the Sky Blue Waters Motel to Daken fulfilled his support obligation. Upon further motions, the parties again appeared before the court in May 1982. A separate order was not issued on the 1980 hearing because of transcript problems due to the illness of the court reporter.

A combined order was issued in June 1982. The district court referee found, in addition to other findings, that (1) Arora totally failed to pay any child support from January 1978 through May 1, 1982, and was in arrears in the amount of $31,200; (2) at the time of the entry of the decree, Arora was grossing $70,000 from his medical practice but that after the entry of the decree he lost his medical license in Wisconsin; (3) he then started a clinic in Iowa; (4) his W–2 statements indicate that he earned $13,650 from the clinic in 1977, $18,000 in 1978 and $20,600 in 1979; (4) he operates the Golden Chef restaurant which earns about $30,000 in profit each year, and the profits are used to pay obligations; (5) he maintains an apartment in Iowa and a homestead in Menomonie; (6) through mid-1980, Daken was grossing $600 per month from the motel; (7) she resided in the motel, which absorbed her expenses; and (8) she and her husband bought another motel from which they receive $400 monthly.

The referee found substantial changes in the circumstances of the parties from the date of the amended Wisconsin decree through the hearing in July 1980. However, he did not forgive arrearages because Arora had moved for an amendment based only on the large property settlement granted to Daken. The court found Arora in contempt but stayed the order so long as Arora paid child support.

Arora then moved to modify this order. The court treated the motion as one to

modify with the request that the modification be made retroactive. The court found that there were no facts or circumstances different from those found in the June 1982 order which would justify retroactive modification. The court declined to make any retroactive modification because Arora had "continuously chosen to place all other debts in a priority above his child support obligation," making his failure to pay child support, as originally ordered, "willful."

The court modified Arora's future child support payments from $600 to $400 per month commencing August 1, 1983, after finding that (1) Arora is employed as a physician in Iowa with a gross income of $57,539; (2) he sold the Golden Chef Restaurant; (3) he continues to maintain two residences; (4) Daken and her husband drew $27,790 in gross income from the motels in 1982; (5) Daken sold property from which she received $16,683 in interest in 1982; and (6) much of their living expenses are absorbed by the motel in which they live.

### ISSUES

1. Did the trial court abuse its discretion when it refused to retroactively modify the child support obligation?

2. Did the trial court abuse its discretion when it reduced Arora's future child support obligation from $600 to $400 per month?

### DISCUSSION

#### I

Arora contends that because of the change in the financial circumstances of the parties, the trial court's refusal to retroactively modify his child support obligation under a Wisconsin divorce decree is an abuse of discretion.

The parties submitted to the jurisdiction of the Minnesota courts by personally appearing and by filing certified copies of the Wisconsin Judgment and Amended Judgment with the court. Neither party asserted the defense of full faith and credit. *See*

*Rudolf v. Rudolf,* 348 N.W.2d 740 (Minn. 1984).

Retroactive modification of this child support order is governed by Minn.Stat. 518.64, subd. 2 (1982). It provides that child support may be modified if the earnings of a party have substantially increased or decreased and if the increase or decrease makes the terms of the decree unreasonable and unfair. Subdivision 2 further provides that a retroactive decrease in child support may only be made upon a showing that any failure to pay child support according to the original terms was not willful. In this case, the trial court found substantial changes but did not find that the terms of the decree were unfair and unreasonable. The trial court concluded that Arora's failure to make any child support payments whatsoever between January 1978 and May 1982 was willful. We agree.

Arora's income as a medical doctor did decrease substantially. Daken's income increased. However, under the circumstances of this case, the trial court did not abuse its discretion by refusing to find that the child support obligation was unfair and unreasonable or by finding that Arora's failure to pay any child support was willful.

Arora claims that his child support obligation was beyond his resources and thus his nonpayment was not willful. The evidence does not support this contention. Arora has had sufficient income to pay the child support ordered but he chose to use his funds in other ways.

The court began its calculation of arrears in January 1978. In 1978, the year appellant claims the lowest income pertinent to the arrears calculation, he earned $18,000 from the Iowa clinic. In addition, according to Arora's affidavit, he also had an income of $30,000 from the Golden Chef restaurant. He chose to use this profit to pay obligations other than his child support. Finally, he averred that he had paid and continues to pay a total of $84,000 in principal and interest each year on his various debt obligations. He has not revealed

the source of the income which allows the $84,000 per year payments.

■ Nevertheless, it is clear that he has chosen to honor obligations other than his child support obligation. The obligation of a parent to support his or her children must take precedence over other obligations unless they arise from the necessities of self-sustenance. *State v. Fuerst*, 283 Minn. 391, 393, 168 N.W.2d 1, 2 (1969). Since Arora chose to honor his debt obligations, the trial court did not err in finding that his failure to pay any child support whatsoever was willful.

## II

■ Arora also contends that the trial court abused its discretion because it did not set current child support at a low enough level. The full faith and credit clause does not preclude Minnesota from modifying future child support installments required by a Wisconsin divorce decree. "[I]f the judgment is subject to modification by the rendering court, it need not be afforded full faith and credit." *Matson v. Matson*, 310 N.W.2d 502, 505 (Minn.1981). Wisconsin courts can modify child support obligations. Wisc.Stat.Ann. § 767.32(1) (West Spec. P. 1983). In this case, we need not consider whether Minnesota or Wisconsin law should apply, since both states permit prospective modification of child support upon a showing of changed circumstances. *See Id.; Rudolf v. Rudolf,* 348 N.W.2d 740, at 743 (Minn.1984). The matter of child support is well within the discretion of the trial court and, in the absence of a clear showing of an abuse of discretion, this court will not reverse the trial court's decision. *Reck v. Reck,* 346 N.W.2d 675, 677 (Minn.Ct.App.1984).

Arora's annual net income from a salaried position in 1983 was $36,792, or $3,066 per month. While the recently enacted child support guidelines were not in effect at the time the court issued its order, the guidelines offer a good reference point which clearly shows that the trial court did not abuse its discretion by not lowering

appellant's child support obligation any further.

■ Under the guidelines, a person with a monthly net income over $1,001 should be paying 25 percent for child support. Minn. Stat. § 518.551, subd. 5 (Supp.1983). Twenty-five percent of $3,066 is $765 per month. Debts owed to private creditors cannot be considered in establishing a support obligation. Minn.Stat. § 518.551, subd. 5(b). Since appellant is obligated to pay only $400 per month under the modified order, it cannot be said that the trial court abused its discretion by not reducing the child support obligation any further. The trial court correctly considered not only the changes in Arora's financial circumstances and the changes in Daken's financial circumstances, but the financial circumstances of Daken's spouse as well.

## DECISION

The trial court did not abuse its discretion by finding that appellant's failure to pay child support was willful. Therefore, we affirm its decision not to retroactively modify the amended judgment and decree. The trial court did not abuse its discretion by refusing to further reduce appellant's child support obligation. We affirm its decision to set future child support at $400 per month.

Affirmed.