**COUNTY OF PINE and Nancy Lynn Petersen, Respondents,**

v.

**David Allen PETERSEN, Appellant.**

**No. C3–89–1994.**

Court of Appeals of Minnesota.

April 3, 1990.

Review Denied May 30, 1990.

David Spear, Pine City, for respondents.

William R. Sweeney, Duluth, for appellant.

Considered and decided by CRIPPEN, P.J., and KALITOWSKI and MULALLY,* JJ.

## OPINION

CRIPPEN, Judge.

Appellant challenges the trial court's money judgment to reimburse Pine County for public assistance previously furnished to his wife and child, and the court's order for future support contributions. His contentions include a claim that the trial court erred in making no finding on appellant's reasonable monthly expenses, including substantial overnight travel expenses incurred in his construction job. Respondent insists that the court only had to determine appellant's net income as defined for guideline chart purposes under Minn.Stat.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

§ 518.551, subd. 5(a) (1988). We reverse and remand for additional trial court findings.

## FACTS

Pine County initiated this parent contribution proceeding under Minn.Stat. § 256.87 (1988). In August 1989, the trial court adjudged that appellant pay $942 for assistance furnished to his wife and child after the couple separated six months earlier. The court ordered future support contributions of $394.56 per month, less a temporary monthly credit for payments appellant expected to make for several additional months to cover his wife's housing expenses. The obligation was calculated according to statutory guidelines, at 25 percent of appellant's $1,578.24 net income.

Appellant's income was his only circumstance recited by the trial court. This was notwithstanding his affidavit showing monthly expenses of $1,692.72, including monthly employment travel expenses of $614.90. As to appellant's expense claim, the trial court wrote:

> [E]ven if [appellant and his wife] had not split, he would have had the same amount to work with in terms of supporting his child. The fact that they no longer live together should not alter the child's entitlement.

## ISSUE

Are further trial court findings needed to determine appellant's contributions under Minn.Stat. § 256.87?

## ANALYSIS

■ The county is entitled to a judgment for past assistance which a parent "has had the ability to pay." *Id.*, subd. 1. In 1988, the legislature added to this provision the declaration that "[a]bility to pay must be determined according to chapter 518," a reference to Minn.Stat. § 518.551, the child support provision of the dissolution code. 1988 Minn.Laws ch. 593, § 1 (codified at Minn.Stat. § 256.87, subd. 1 (1988)).

In the same proceedings, the county may request an order for future support contributions. Minn.Stat. § 256.87, subd. 1a. Based on amendments of the provision through 1986, it was determined by the supreme court that future awards be decided "with an eye toward the guidelines." *Nicollet County v. Larson,* 421 N.W.2d 717, 721 (Minn.1988). A slight amendment to this statute ratified *Larson.* 1988 Minn. Laws ch. 593, § 2 (codified at Minn.Stat. § 256.87, subd. 1a (1988)).

Respondent insists that the legislature's 1988 amendment sent "the clear message that the guidelines were to be strictly applied in public assistance cases." Thus, respondent has maintained and the trial court evidently agreed that parent contributions could be determined solely by reference to appellant's income. This contention distorts matters of law settled at least since 1986.

■ *Larson,* like the 1988 amendments to section 256.87, requires application of child support law under section 518.551. According to amendments to the latter section in 1986, all support orders are to be set according to the guidelines "and the other factors set forth in paragraph (b) * * *." Minn.Stat. § 518.551, subd. 5(a) (1988). *See* 1986 Minn.Laws ch. 406, § 4. Subdivision 5(b) repeats that listed factors "shall" be taken into consideration "[i]n addition to the child support guidelines." Minn.Stat. § 518.551, subd. 5(b). The subsection contains a list of factors encompassing the resources and needs of each parent and the child. *Id.* Considerations in addition to the guidelines include the obligor's expenses. *Larson,* 421 N.W.2d at 721–22.

Such a reading of section 518.551 was stated in *Larson.* In the supreme court's words:

> However, even though the guidelines apply to actions under section 256.87, subd. 1a, the inquiry does not end there. Reference to the guidelines is only the beginning of the inquiry. * * * The guidelines expressly authorize examination of the earnings, income and resources of the parents in determining their application.
>
> * * * We believe [evidence on a parent's actual expenses] must be allowed

and considered independent of the guidelines.

\* \* \* \* \* \*

Our basic point here is that the trial court must gather all relevant evidence, including evidence of expenses, and make a decision based on that evidence.

*Id.* None of these declarations are altered by the 1988 amendments to section 256.87. Nor are these declarations, as respondent contends, mere dicta; they are the law of the *Larson* case and of this case. It must be added, contrary to respondent's arguments, that Minnesota support law no longer contains separate substantive standards for public assistance cases and other cases.

■ Finally, to repeat even more fundamental law, trial court consideration of statutory factors must be evident in its findings of fact. *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976). Contrary to respondent's contentions, and unlike the situation before the 1986 amendments, the need for findings is not limited to cases where a guideline deviation is ordered; rather, they are needed on all resource and expense factors put in issue by the parties in any support case under section 518.551.

■ Here, appellant's affidavit clearly puts before the trial court a claim of reasonable expenses destroying his ability to pay support. On remand, the trial court must determine the merit of this claim as a matter of fact.

We have examined and find no merit in three additional contentions of appellant.

■ a. Appellant asserts that the statute permitting a judgment for past assistance unconstitutionally discriminates against parents in assistance cases. He has not shown, however, that parents in nonassistance cases are any less legally responsible for family expenses incurred after a couple separates but before a court addresses the issue.

■ b. Appellant argues that the trial court erroneously considered his irregular overtime income. Just as all his reason-able expenses are germane to his custody obligation, so all his resources are relevant.

c. Finally, appellant portrays the trial court's approach as a denial of his right for a hearing. The record includes no showing of an offering of evidence the trial court refused to hear.

In addition, respondent has requested relief on appeal which cannot be considered in the absence of a notice of review. Minn. R.Civ.App.P. 106.

## DECISION

The trial court's judgment and order must be reviewed in accordance with matters of law stated in this opinion.

Reversed and remanded.