**In re the Marriage of Marla J. OTTO, Petitioner, Respondent,**

v.

**Martin J. OTTO, Appellant.**

**No. C2–91–206, CX–90–2727.**

Court of Appeals of Minnesota.

July 9, 1991.

Review Denied Aug. 29, 1991.

Martin Berg, Roseau, for respondent.

John M. Kerr, Legal Aid Service of Northeastern Minnesota, Duluth, for appellant.

Considered and decided by SCHUMACHER, P.J., and KALITOWSKI and SHORT, JJ.

SCHUMACHER, Judge.

Appellant Martin J. Otto challenges the judgment in this dissolution action claiming the trial court erroneously ordered him to pay child support arrearages to Roseau County, where the county has not brought action pursuant to Minn.Stat. § 256.87 to collect for AFDC assistance furnished.

## FACTS

The seventeen-year marriage of appellant Martin J. Otto and respondent/petitioner Marla J. Otto was dissolved by judgment and decree entered in Roseau County District Court on October 10, 1990. The parties, who separated ten years previously, have three minor children who have remained in the sole physical custody of

respondent since October, 1980. Respondent has received Aid to Families with Dependent Children (AFDC) since February 1, 1982.

The trial court set current child support and found appellant owed child support arrearages from October, 1980 until the time of trial.[1]

## ISSUES

1. Did the trial court err as a matter of law by ordering appellant to reimburse Roseau County for AFDC furnished since October, 1980 where the county has not brought an action pursuant to Minn.Stat. § 256.87?

2. Did the trial court abuse its discretion by failing to make adequate findings to support its current child support award?

## I.

It is within the trial court's discretion to determine whether AFDC reimbursement should be ordered and the amount of reimbursement. *State ex rel Miller v. Miller*, 446 N.W.2d 199, 200 (Minn.App.1989). Appellant claims the trial court, in the dissolution action, lacked the statutory authority to enter judgment in favor of Roseau County for reimbursement for AFDC furnished to respondent during the period following the parties separation. Because this issue involves a question of law, this court need not defer to the trial court's decision. *See Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989).

Minnesota statutes establish a separate cause of action which allows a county to recover AFDC furnished for the benefit of the caretaker of the child to the extent the obligor has the ability to pay. Minn. Stat. § 256.87. However, the instant action is a dissolution proceeding brought pursuant to Minn. Ch. 518. Appellant argues that because Roseau County has not brought action pursuant to Minn.Stat.

§ 256.87, the trial court had no authority to enter judgment in favor of the county. We agree. It is well established that actions for contribution or reimbursement of public assistance are separate from causes of action for child support. *See Nicollet Co. v. Larson*, 421 N.W.2d 717, 721 (Minn.1988); *County of Anoka v. Richards*, 345 N.W.2d 263, 266–67 (Minn.App.1984).

Minn.Stat. § 518.551 (1990) provides in pertinent part:

> The court shall direct all payments ordered for maintenance and support be made to the public agency responsible for child support enforcement so long as the obligee is receiving or has applied for public assistance, or has applied for child support and maintenance collection services.

Although the statute clearly allows the trial court to order child support payments to be made to a county social services agency, the statute is silent as to whether the trial court may order child support arrearages to be paid to the agency.

Minn.Stat. § 256.74, subd. 5, (1990) provides:

> An applicant for assistance, or a recipient of assistance, under sections 256.72 to 256.87 * * * is considered to have assigned to the public agency responsible for child support enforcement at the time of application all rights to child support and maintenance from any other person the applicant may have in the applicant's own behalf * * *. The assignment:
>
> (1) is effective as to both current and accrued child support and maintenance obligations.

In *Hennepin County v. Geshick*, 387 N.W.2d 439 (Minn.App.1986), the county succeeded by assignment to all rights of the mother, including the right to past due child support, once an order had been set. The county did not bring a statutory action for reimbursement under Minn.Stat. § 256.-87. Instead, it moved for reimbursement

---

1. The trial court initially entered judgment in favor of respondent for child support arrearages from October, 1980 until February, 1982 and in favor of Roseau County for AFDC benefits furnished from February, 1982 until September, 1990. However, by amended judgment, the trial court vacated the judgment in favor of respondent and entered judgment in favor of Roseau County for child support arrearages from October, 1980 through June 1989.

in the paternity action brought by the county on behalf of the mother. *Id.* at 441. This court noted:

> Although appellant should have brought a separate reimbursement action, the interests of judicial economy would be served by treating its motions as the bringing of such an action. Accordingly, we affirm the amounts ordered to date, considering as reimbursement both the payment on the arrearages and the ongoing contribution or "support" award.

*Id.*

In this case, the trial court considered the arrearages in appellant's child support obligation and entered judgment in favor of Roseau County for a portion of AFDC benefits furnished based on appellant's net income during the period of separation in accordance with the child support guidelines in Minn.Stat. § 518.551. Unlike *Geshick,* however, the instant action was not brought by the county on behalf of the childrens' caretaker.

At first glance and in the interests of judicial economy, it would appear to be appropriate to allow reimbursement in this dissolution action because the child support arrearages initially accrued as appellant's obligation to respondent and succeed to the county as an assignee of her interest. As a result of such assignment, however, the cause of action to collect back child support is in the public agency responsible for child support enforcement. Here, Roseau County was not a party to the action.

 In an action brought pursuant to Minn.Stat. § 256.87, absent a prior child support order, the parent's liability is limited to the amount of AFDC assistance furnished during the two years immediately preceding commencement of the action. *County of Crow Wing v. Thoe,* 451 N.W.2d 357, 359 (Minn.App.1990) *pet. for rev. denied* (Minn. Apr. 20, 1990); Minn.Stat. § 256.87, subd. 1 (1990). In this case, the trial court ordered payment of child support arrearages back to October, 1980, the original date of the parties' separation.

Here, there was no prior order establishing support. By awarding Roseau County judgment for arrearages in the dissolution action, the trial court improperly disregarded the limitations for collection imposed by Minn.Stat. § 256.87. Roseau County must be required to bring a separate action.

## II.

It is fundamental that the trial court's consideration of the statutory factors must be evident in its findings of fact. *County of Pine v. Peterson,* 453 N.W.2d 718, 721 (Minn.Ct.App.1990), *pet. for rev. denied* (Minn. May 30, 1990), (citing *Rosenfeld v. Rosenfeld,* 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976)). Although the trial court found that appellant's self-employment, lack of financial records, and "selective memories," made it difficult to determine his income during the period of the parties' separation, it determined appellant had demonstrated earning capacity during such period of approximately $700 per month. The trial court also found appellant's reasonable expenses to be $270 per month.

> [T]he need for findings is not limited to cases where a guidelines deviation is ordered; rather, they are needed on all resource and expense factors put in issue by the parties in any support case under section 518.551.

*Petersen,* 453 N.W.2d at 721. Here, the trial court's findings were sufficient to explain appellant's resources and expenses. The findings support the trial court's award of current child support.

## DECISION

The trial court's judgment in favor of Roseau County is reversed. The trial court's award of current child support is affirmed.

Affirmed in part and reversed in part.