**In re the Marriage of: John C. KURONEN, Petitioner, Respondent,**

**v.**

**Susan K. KURONEN, Appellant.**

**No. C9–92–1962.**

Court of Appeals of Minnesota.

April 27, 1993.

Review Denied June 22, 1993.

Tom Foley, Ramsey County Atty., Kathryn A. Santelmann, Asst. County Atty., St. Paul, for appellant.

Michael Ormond, Ormond and Dewalt, Minneapolis, for petitioner, respondent.

Considered and decided by FORSBERG, P.J., and PARKER and KALITOWSKI, JJ.

## OPINION

FORSBERG, Judge.

Upon dissolution of the parties' marriage, respondent John Kuronen was required to pay $570 per month in child support to appellant Susan Kuronen. Approximately two years later, respondent was convicted of criminal vehicular homicide and incarcerated. This appeal is from the district court's affirmance of the referee's decision to amend the child support decree by suspending payments through the term of respondent's incarceration. We remand.

## FACTS

The parties were married on July 21, 1984, and divorced on September 27, 1990. They have one child, born on September 6, 1985. The judgment and decree of dissolution provided for child support payments of $570 per month based upon respondent's net monthly income of $2,278 per month. His pension and profit sharing plan through his employer, Burlington Northern, was valued at $21,748 and divided equally as part of the property settlement.

Respondent was convicted of criminal vehicular homicide and has been incarcerated since February 26, 1992. His earliest release date is August 6, 1994. He filed the present motion for suspension of his child

support obligation until his release from prison. His weekly earnings in prison are approximately $5.00 per week. In addition to this income, respondent has $200 in a checking account and $1,600 in a savings account. He also has approximately $20,000 in his 401K plan.

Appellant has monthly wages of $540 earned from a job in the housekeeping department at St. John's Hospital. She also receives $246 per month in public assistance payments. She claimed her monthly expenses are $1,921, which includes expenses for respondent's child and another minor child with differing paternity. She claims respondent's child's needs constitute one-third of her household expenses, or approximately $640 per month.

In response to respondent's motion for suspension of child support payments, appellant filed a motion requesting that respondent's obligation be paid from his existing assets. Specifically, disbursements were requested from the $20,000 in his 401K plan.

A referee granted respondent's motion, and denied appellant's motion. On appeal from the referee's order, the district court affirmed. This appeal follows.

### ISSUE

Did the district court abuse its discretion by ordering suspension of child support payments until respondent is released from incarceration?

### ANALYSIS

■ A decision of the district court to modify an award of child support payments will not be reversed absent an abuse of discretion. *Barnier v. Wells*, 476 N.W.2d 795, 797 (Minn.App.1991). A district court abuses its discretion when its decision is against logic and the facts of the record. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984).

■ Modification of child support is allowable when an obligor shows a substantial change of circumstances making the existing terms of the decree unreasonable and unfair. Minn.Stat. § 518.64, subd. 2(a) (1992). When setting or modifying child support, the court must consider a number of factors, including "all earnings, income, and resources of the parents, including real and personal property." Minn.Stat. § 518.-551, subd. 5(b)(1) (1992).

The referee in this case dealt with the issue of the 401K funds as follows:

> The county attorney also argued that petitioner had assets from which monies could be escrowed for the payment of support. It is noted that support is payable from income which is defined by Minn.Stat. 518.54, subd. 6 to mean any form of periodic payment. Assets are not periodic payment. Further, the bulk of the assets in petitioner's 401K plan were awarded to him by the terms of the Judgment and Decree after respondent received her 50 percent share of said asset. Consequently, those monies, if used to pay child support, would result in a modification of a property division which occurred in the Judgment and Decree; since all property divisions are final, pursuant to Minn.Stat. 518.64, the court cannot revisit that issue and redivide the property.

In affirming, the district court agreed with the above statements by the referee.

■ We conclude these are inaccurate statements of the law, and therefore represent an abuse of discretion. In the first place, whether or not the assets are periodic payments is inconsequential since, by statute, the court is required to take into account personal property as well as income in determining an appropriate modification. *See* Minn.Stat. § 518.551, subd. 5(b)(1).

■ Next, the property distribution is irrelevant to resources to be applied to child support. This petition is not for modification of spousal maintenance, but rather child support payments, which are not subject to constraints of the distribution of marital property. *See* Minn.Stat. § 518.57, subd. 1 (lien or charge for child support may be made against party's property); *Tell v. Tell*, 383 N.W.2d 678, 686 (Minn. 1986) (monthly property settlement pay-

ments received by noncustodial parent are financial resource to be considered in determining that parent's ability to pay support).

 The facts in this case are undisputed. Respondent is incarcerated and no longer enjoys any meaningful form of periodic wage payments. His sole asset is approximately $20,000 in his 401K plan. While in prison, he also incurs no significant living expenses. We therefore need only examine the relevant case law and statutes to determine the merits of respondent's petition for modification.

The only reported case in Minnesota which has examined the effect of incarceration on a child support obligation concluded continued imposition of the terms of the child support decree was "unreasonable and unfair." *Johnson v. O'Neill*, 461 N.W.2d 507, 508 (Minn.App.1990). However, in that case no evidence of assets other than $64 per month in prison salary was presented. The *Johnson* court does not address the situation where *assets* in addition to periodic payments remain available to an obligor. Thus, the obvious distinction between this case and *Johnson* is the existence of assets other than income or salary.

Our legislature has provided that modification of child support payments may only be made upon a showing of, inter alia, substantially decreased earnings of a party or substantially decreased need of the child, "which makes the terms unreasonable and unfair." Minn.Stat. § 518.64, subd. 2(a) (1992). We also recognize that "[t]he obligation of a [parent] to support his progeny must take precedence over every consideration for himself not arising from the absolute necessities of self-sustenance." *State v. Fuerst*, 283 Minn. 391, 392–93, 168 N.W.2d 1, 2 (1969).

Applying these rules, we conclude that although there has indeed been a significant change in respondent's income, sufficient assets remain to continue child support payments without any threat to respondent's self-sustenance. In fact, the invasion of the 401K proceeds would have no real effect on respondent's income or ability to self-support since such funds are not intended to be used until respondent's re-

tirement, a date far remote from his expected date of release.

In light of the district court's clear error, we remand for a redetermination of this issue consistent with this opinion. *See Quaid v. Quaid*, 403 N.W.2d 904, 907–08 (Minn.App.1987), *pet. for rev. denied* (Minn. June 30, 1987). On remand, the court should consider the capital asset's present cash value, along with the total assets of both parties and the child's needs. *Id.*

## DECISION

The district court abused its discretion by refusing to consider respondent's 401K plan when determining whether respondent's child support obligation should be modified.

**Remanded.**