COUNTY OF ANOKA ex rel Jemal
A. HASSAN, Respondent,

v.

Fatuma D. ROBA, Appellant.

No. A04–168.

Court of Appeals of Minnesota.

Nov. 30, 2004.

Robert M.A. Johnson, Anoka County Attorney, Dawn R. Nyhus, Kay M. Gavinski, Assistant County Attorneys, Anoka, MN, for respondent Anoka County.

Fatuma D. Roba, Columbia Heights, MN, pro se appellant.

Considered and decided by HUDSON, Presiding Judge, KALITOWSKI, Judge, and KLAPHAKE, Judge.

## OPINION

KLAPHAKE, Judge.

Pro se appellant Fatuma Roba challenges a decision by a child support magistrate (CSM) ordering her to pay ongoing child support of $359.97 per month and to reimburse respondent Anoka County $4,550 for public assistance expended from October 1, 2002, to October 31, 2003. Appellant argues that her income is very low and that she cannot afford to pay the child support ordered by the CSM because her income barely meets her necessary monthly expenses. Because appellant submitted evidence to support her claim of inability to pay and because the CSM failed to make any findings on that issue, we reverse and remand for further proceedings consistent with this opinion.

## FACTS

Appellant, a single mother, came to the United States several years ago with four of her children. She speaks Oromo, an Ethiopian dialect, and required an interpreter at the hearing before the CSM. Appellant received public assistance from August 2001 through September 2002. She currently works 37.5 hours per week as a dishwasher and earns $9.00 per hour.

Two of her children, who were 17 and 18 at the time the county initiated this action, live with her 28–year–old son, Jemal Hassan, who is designated as their relative caretaker. Hassan receives public assistance for the two children in the form of a cash grant and Medical Assistance. For the month of July 2003, Hassan received a cash grant of $437; from August 2001 through July 2003, he received a total of $10,973 in cash assistance.

In September 2003, the county initiated this reimbursement action against appellant under Minn.Stat. § 256.87 (2002), to establish ongoing child support and order reimbursement for past public assistance payments. The county submitted a supporting affidavit prepared by a Child Support Officer (CSO). The CSO stated that the father is not involved in this action and that the children live with Hassan, who has physical custody with the consent of one of the parents. The CSO further stated that she "verified ... that [the older of the two children] is in 10th grade and is expected

to graduate in 06/2006." The CSO indicated that the county would waive reimbursement for the period from August 2001 through September 2002, when appellant was receiving public assistance herself.

The matter was referred to a CSM. Appellant appeared pro se at the November 2003 hearing; Hassan and the children were not present. According to the minutes of the hearing, appellant claimed that she cannot afford to pay the amount of child support requested. She submitted an exhibit in which she set out her monthly expenses at $1,025, an amount that does not include $50 per month that she is still paying for the airfare necessary to bring the family to the United States from Nairobi. The county submitted an updated child support worksheet that calculated appellant's net monthly income at $1,199 and her child support obligation at $359.97.

Based on the evidence submitted and the testimony presented at the hearing, the CSM found that appellant's net monthly income is $1,199 and her monthly living expenses are $1,025. The CSM calculated appellant's child support obligation under the guidelines at $359.97, and concluded that she had the ability to reimburse the county $4,550, for the 13–month period from November 2002 through October 2003. The CSM ordered appellant to pay ongoing support of $359.97 and "an additional 20% of ongoing child support towards the [$4,550] judgment until paid in full."

Appellant challenges the CSM's decision, claiming that she is a single mother with a large family and that her monthly income "is barely [enough] to meet . . . my living [expenses]," that she is assisting two of her children with college expenses, and

that she cannot afford to pay the amounts ordered by the CSM.

## ISSUE

■ Did the CSM abuse its discretion in ordering appellant to reimburse the county $4,550 and to pay ongoing child support of $359.97 per month for her two children?

## ANALYSIS

■ On appeal from a final order by a CSM, our review is limited to determining whether the evidence supports the findings of fact and whether the findings support the conclusions of law and judgment. *See* Minn. R. Gen. Pract. 378.01 advisory comm. cmt.; *Davis v. Davis,* 631 N.W.2d 822, 825 (Minn.App.2001). Nevertheless, we will reverse if the CSM has abused his or her discretion by improperly applying the law to the facts. *See Ver Kuilen v. Ver Kuilen,* 578 N.W.2d 790, 792 (Minn. App.1998) (stating that reviewing court will not reverse decision under Minn.Stat. § 256.87 absent abuse of discretion, which occurs when law is improperly applied to facts).

*Reimbursement and Ongoing Support Obligation*

■ Appellant does not challenge the CSM's finding that her net monthly income equals $1,199, or that application of the guidelines results in an ongoing child support obligation of $359.97. Rather, she argues that she lacks the ability to pay the amounts ordered by the CSM, because her income barely covers her necessary monthly expenses of $1,025, which includes $725 for rent or house payment; $100 for electric, telephone, clothing, and laundry; and $200 for food.[1]

---

1. Appellant also claims that she is unable to pay the amounts ordered because she is assisting her 21–year–old son with college expenses. Because appellant is under no obligation to support her adult son, any assistance she might provide to him should

Under Minn.Stat. § 256.87 (2002), the county may seek reimbursement of public assistance benefits and ongoing support from a parent who has the ability to pay. Ability to pay is determined according to the child support guidelines. *Id.* at subd. 1; *Ver Kuilen*, 578 N.W.2d at 792. Any deviation from the guidelines must be supported by written findings that address, among other factors, the earnings, income, and resources of the parent. Minn.Stat. § 518.551, subd. 5(i) (2002). When child support payments are assigned to a public agency, as here, a court "may not deviate downward . . . unless the court specifically finds that the failure to deviate downward would impose an extreme hardship on the obligor." *Id.*, subd. 5(j) (2002). The burden is on the party seeking a deviation to demonstrate why a lower support order is necessary. *Rouland v. Thorson*, 542 N.W.2d 681, 684 (Minn.App.1996).

Here, the undisputed evidence establishes that appellant earns a net monthly income of $1,199, which slightly exceeds her claimed monthly expenses for herself of $1,025, or $1,075, if the $50 per month that appellant pays on the debt she incurred for airfare to bring herself and her children to the United States is included. Appellant's ability to pay must be measured by the difference between her income and necessary monthly expenses: here, that difference totals $124 per month, which is substantially less than the amounts that the CSM ordered her to pay.

We recognize that the guidelines demand "consideration" of certain factors only when a court decides "whether" to deviate. Minn.Stat. § 518.551, subd. 5(c) (2002). Nevertheless, where the obligor submits evidence to show that he or she lacks the ability to pay, the fact finder

must make findings to show that it has considered whether deviation is necessary. *See, e.g., Becker County Hum. Servs. v. Peppel*, 493 N.W.2d 573, 576–77 (Minn. App.1992) (reversing order setting support at guideline amount where obligor's claimed monthly expenses were "absolutely essential" and she had a "running deficit" every month); *County of Pine v. Petersen*, 453 N.W.2d 718, 721 (Minn.App. 1990) (reversing guideline support order for additional findings where obligor's affidavit "clearly puts before the [fact finder] a claim of reasonable expenses destroying his ability to pay support"), *review denied* (Minn. May 30, 1990). We therefore reverse and remand for additional findings on appellant's ability to pay and on whether deviating from the guidelines is warranted.

*Duty to Support*

Appellant stated at the hearing that she did not believe she should pay any child support. It is unclear whether she made this claim due to the ages of the children or to the fact that they are residing with her adult son.

Issues involving the imposition of liability on a parent under Minn.Stat. § 256.87 are separate from issues involving the parent's ability to pay and the amount of assistance furnished to and for the benefit of the child. *County of Hennepin v. Hernandez*, 554 N.W.2d 618, 620 (Minn.App. 1996). The burden is on the county to prove its reimbursement claim by a preponderance of the evidence. *Id.* at 621.

Here, the CSM found that assistance was provided in the form of a Minnesota Family Investment Program (MFIP) cash grant. MFIP is governed by Minn.Stat. §§ 256J.01–.77 (2002). Under Minn.Stat.

not be considered when determining her ability to pay. *See State v. Fuerst*, 283 Minn. 391, 392–93, 168 N.W.2d 1, 2 (1969) (stating that child support takes priority

over other nonessential expenses); *Kuronen v. Kuronen*, 499 N.W.2d 51, 54 (Minn.App. 1993), *review denied* (Minn. June 22, 1993).

§ 256J.08, subd. 60, "minor child" is defined as a "child who is living in the same home of a parent or other caregiver ... and is either less than 18 years of age or is under the age of 19 years and is a full-time student in a secondary school." The duty to support a child under chapter 518, however, continues until a child reaches the age of 18 or, if still attending secondary school, until the age of 20. Minn.Stat. § 518.54, subd. 2 (2002).

█ The CSO stated in her affidavit that the older child, who was born in 1985 and was 18 years old at the time of the hearing, "was in 10th grade and scheduled to graduate in June 2006." No information was provided on the younger child, who was born in 1986 and was 17 at the time of the hearing. The CSM's order states as follows:

> The child support payments shall continue so long as public assistance is being provided to the children. This order shall remain in effect following termination of public assistance unless the former recipient files an affidavit with the court requesting termination of the order and shall continue until the children covered by the order reach[ ] the age of 18, or age 20, if still in secondary school; or until the children covered by the order become emancipated or die; or until further notice.

Because it appears that the public assistance payments should terminate when the children are 19, regardless of whether they are still in school, it is unclear whether the CSM had the authority in this public assistance reimbursement action to continue child support beyond that time period. On remand, appellant should be given an opportunity to raise any legitimate challenges to the receipt of assistance by her adult son and to her duty to support these two older children, who are now presumably 18 and 19 years old. *See Hernandez,* 554 N.W.2d at 620–21 (denying parent op-

portunity to raise challenge to propriety of reimbursement risks violation of due process).

## DECISION

The CSM abused his discretion in ordering reimbursement of public assistance and in setting appellant's child support obligation at the guideline amount, without fully considering appellant's ability to pay those amounts. On remand, findings must be made to consider appellant's ability to pay and whether deviation is necessary. Appellant should also be given an opportunity to challenge her duty to support under Minn.Stat. § 256.87.

**Reversed and remanded.**